CARPENTER-O'BRIEN COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. P. LEACH, *Defendant in Error.*

Opinion Filed January 25, 1917.

1.  Mortuary tables are admissible where there is evidence of a permanent injury.

2.  Where the evidence sustains a verdict of liability in accordance with the allegations in an action for damages, and errors if any in giving or refusing charges are harmless, and no material error appears in the proceedings, the judgment will be affirmed.

Writ of Error to Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment affirmed.

*Carter & McCollum* and *John T. Crawley,* for Plaintiff in Error;

*A. H. & Roswell King* and *Bayard B. Shields,* for Defendant in Error.

WHITFIELD, J.—Leach brought an action for damages in which it is alleged in effect that the defendant lumber company was engaged in the construction and operation of a lumber mill; that plaintiff was employed therein as a millwright; that plaintiff was ordered by the foreman of defendant to assist in raising and securing a certain heavy vat in said mill; that defendant negligently and carelessly furnished for the doing of said work a certain slender, slippery, inadequate, unsuitable and insufficient prop or stave to hold said vat up after the same had been raised; that said prop because of the said carelessness and negligence of the defendant, slipped and gave way, and said vat fell down and upon plaintiff with great force and violence, injuring him. A second count adopts the allegations of the first count and alleges that the foreman of defendant had the power and authority to hire and discharge plaintiff, and ordered and directed plaintiff to do the work in and about which he was injured. A third count differs from the first count in that it alleges that the defendant negligently and carelessly furnished for the doing of said work only about ten servants to raise said vat and hold the same up after it had been raised, whereas twenty servants would have been required to raise the vat safely and to hold it securely and safely up; that because of the negligence and carelessness of defendant as aforesaid, said vat fell down upon the plaintiff with great force and violence and injured him permanently.

The defendant pleaded not guilty; that the injury was caused by the act of a fellow servant; and assumed risk.

There was verdict for the plaintiff, on which judgment was rendered for the plaintiff and the defendant took writ of error. Errors are assigned on denying an instructed verdict for the defendant, giving two charges for the plaintiff, and denying a new trial. Several grounds of the motion for new trial are based on the refusal of requested charges.

There being evidence that the injury was permanent, mortuary tables were properly admitted in evidence. It is not necessary to detail the evidence. It is legally sufficient as a predicate for a verdict of liability upon the allegations to the effect that the defendant was negligent in furnishing facilities for doing the dangerous work stated. The jury could have found that the defendant should have provided more adequate props and that the prop used for holding the vat was inadequate, and that the plaintiff's injury was a proximate result of the prop negligently provided by the defendant. The risk and danger were not ordinary or so obvious as to bar a recovery on the ground of assumed risk; and no appreciable negligence of the plaintiff appears. Even if the slight reference in the briefs to the charges given and refused on which assertions of error are predicated may be regarded as an argument on the rulings in giving or refusing the charges, there appears to be no harmful if any error therein.

A careful consideration of the entire record discloses no reversible error and the judgment is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.