SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error,* v. T. C. CALLAN, *Defendant in Error.*

## Opinion Filed March 21, 1917.

1. Whether an allegation that the defendant railroad company negligently propelled one of its trains backwards without any warning, be regarded as a general or a special allegation of negligence, upon proof that the plaintiff was injured by the train when it was being *propelled backwards without any warning,* the statute, Section 3148 General Statutes, 1906, raises a presumption that the defendant railroad company was negligent as alleged, and the burden was thereby cast upon the defendant company to overcome such presumption by proof that it was not negligent in the manner alleged.

2. The fact that there was conflicting evidence as to lack of warning does not prevent the operation of the statute imposing upon the defendant railroad company the burden to "make it appear" that it did not negligently propel the train backwards without any warning when the plaintiff was injured.

3. In determining whether the defendant was negligent as alleged, the jury under the statute were to consider the statutory presumption in connection with the evidence.

4. Conflicts in the evidence are determined by the jury; and where the finding is not manifestly against the weight of the evidence and the justice of the cause, it will be allowed to stand unless errors of law or procedure make the verdict erroneous.

5. Where the charges given conform substantially to the law and the evidence, and the charges refused are in the main covered by other charges given, and the verdict and entire record indicate that error, if any, in giving or refusing charges were harmless, the judgment will not be reversed, no material error of law or procedure appearing.

6. Where damages are to be apportioned under the statute, the recovery should be such a proportion of the entire damages sustained as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant in the premises.

7.  A verdict is not so excessive as to require interference by the
    appellate court, where the amount awarded is not clearly more
    than could reasonably have been found on the evidence as to
    the nature and extent of the injury.

Writ of Error to Circuit Court for Manatee County;
F. A. Whitney, Judge.

Judgment affirmed.

*John B. Singletary*, for Plaintiff in Error;

*H. S. Glazier, N. B. K. Pettingill,* and *Howard P.
Macfarlane,* for Defendant in Error.

WHITFIELD, J.—In an action for personal injuries
Callan alleges in the first count of his declaration that
while he was in a wagon crossing a street called Manatee
Avenue in the City of Manatee, Florida, "the defendant
by its servants and employees wrongfully, carelessly and
negligently caused the cars of one of its trains to be pro-
pelled backward without any warning across said Avenue
at and on said crossing and towards and upon the said
wagon of plaintiff, and thus wrongfully, carelessly and
negligently caused the rear car of its said train to collide
with said wagon in which plaintiff was then and there rid-
ing and to overturn the same; whereby the plaintiff was"
injured. The distinct allegations of the second and third
counts need not be here stated. Trial was had on pleas
of not guilty and contributory negligence. Verdict and
judgment for $1500.00 were rendered for the plaintiff
and the defendant took writ of error.

In effect the complaint is that the defendant railroad
company negligently propelled one of its trains backwards
without any warning and thereby injured the plaintiff.

44

The gist of the negligence alleged is propelling the train backwards without any warning. Whether this be regarded as a general or a special allegation of negligence, upon proof that the plaintiff was injured by the train when it was being *propelled backwards without any warning,* the statute raises a presumption that the defendant railroad company was negligent as alleged; and the burden was upon the defendant company to overcome such presumption by proof that it was in fact not negligent in the manner alleged. The plaintiff was injured as the train was being propelled backwards, but it is argued that the evidence does not show that the train was propelled backwards "without any warning" as alleged, so as to raise the statutory presumption of negligence; and that if such presumption was raised it was overcome by evidence that the defendant did give warning and exercised all ordinary and reasonable care and diligence in propelling the train backward when the injury occurred. There is some substantial evidence that the engine bell was not ringing to give warning and no flagman gave notice of the backward movement of the train across the street where the defendant knew or should have known the plaintiff was attempting to cross the railroad track on the street. The fact that there was conflicting evidence as to lack of warning does not prevent the operation of the statute imposing upon the defendant railroad company the burden to "make it appear that it did not negligently propel the train backwards without any warning when the plaintiff was injured. The jury could have found from the evidence that no warning was given. In determining whether the defendant was negligent as alleged, the jury were to consider the statutory presumption in connection with the evidence. Conflicts in the evidence are determined by the jury; and where the finding is not manifestly against the weight of

the evidence and the justice of the cause, it will be allowed to stand unless errors of law or procedure make the verdict erroneous.

This discussion in effect disposes of the contentions made on charges given and refused. The charges given conform substantially to the statute and those refused were in the main covered by the other charges given. In so far as the charges referred to awarding damages in relation to the life expectancy of the plaintiff, when there was no evidence on that subject, the error if any is obviously harmless in view of the nature of the injury and the amount of the verdict. The plaintiff testified before the jury who could have observed his apparent age, and also his physical condition as affected by the injury. Even though the plaintiff were himself negligent, there is evidence on which the jury could find the defendant was also negligent; and it cannot be said with confidence that the damages awarded are not in just proportion to the negligence of the defendant that with the plaintiff's negligence proximately caused the injury.

The statute contemplates that the amount of the recovery shall be such a proportion of the entire damages sustained, as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant in the premises. Sec. 3149 Gen. Stats. 1906; Compiled Laws 1914; Seaboard Air Line Ry. v. Tilghman, 237 U. S. 499, 35 Sup. Ct. Rep. 653; Newkirk v. Pryor, — Mo. —, 183 S. W. Rep. 682.

As the verdict is not clearly excessive, and as no substantial or harmful errors of law or procedure appear, the judgment is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.