LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORA-
TION, *Plaintiff in Error,* v. C. W. NORTON, *Defendant
in Error.*

Opinion filed April 22, 1918.

1. In view of the high degree of care and attention a common
carrier owes to its passengers, the negligence and the result-
ing injury to the plaintiff alleged in this case, give rise to a
cause of action for damages sustained, the recovery under the
statute to be diminished in proportion to the contributory
negligence, if any, of the plaintiff.

2. Where there is substantial evidence upon which the jury
might predicate a finding for the plaintiff, it is not error to
refuse to direct a verdict for defendant.

3. Where the charges given conform substantially to the law
and the evidence, and the charges refused are in the main
covered by other charges given, and the verdict and entire
record indicate that errors, if any, in giving or refusing
charges were harmless, the judgment will not be reversed, no
material error of law or procedure appearing.

Writ of Error to Circuit Court for Jackson County,
C. L. Wilson, Judge.

Judgment affirmed.

*Paul Carter,* for Plaintiff in Error;

*Price & Carter,* for Defendant in Errir.

WHITFIELD, J.—In the first count of the declaration
it is in effect alleged that the plaintiff was a passenger
on the deefndant's train going from Marianna, Florida,
to River Junction, Florida; that when approaching the

bridge over the Apalachicola River the defendant's flag-man negligently and carelessly announced that the next stop of said train would be River Junction, Florida, the place of destination of the plaintiff; "that after making said announcement that the next stop would be River Junction, as aforesaid, the said defendant, by and through its agents, servants and employees, stopped the said train on the trestle immediately on the west side of the Chattahoochee or Apalachicola River, and the plaintiff, relying upon the statement of the flagman made as aforesaid, and believing that the same was true, and believing that he had reached the station of River Junction to which his ticket entitled him to ride, stepped off of the train in the night time, thinking at the time of so doing that he was at River Junction as announced by said flagman; that by reason of said announcement so made by the flagman and the stopping of said train on the trestle plaintiff was deceived by the representations aforesaid, and in stepping from the said train fell there-from to the ground under said trestle," and was injured.

The second count contains similar allegations with others, among which is "that it was very dark at the time he stepped from said train, and plaintiff, by the use of reasonable diligence before stepping therefrom, could not have known that the said train was not at River Junction as announced by the said agent and servant of the defendant railroad company."

Subsequently a third count was filed in which it is among other appropriate statements alleged "that between Sneads and River Junction lies the Apalachi-cola river, a large stream of water, crossed by defend-ant's train upon a high bridge of wooden trestles and iron spans, which said bridge was less than two miles from River Junction; that no station or stop for pas-

sengers was located upon same, and defendant's passenger trains were not accustomed to stopping thereon; plaintiff avers that said train upon which he was traveling had made a regular stop at Sneads, and preceding stations, without any unusual incident, and the next stop after leaving Sneads was to be River Junction; that some time after leaving Sneads, the conductor on' said train visited the passengers, including plaintiff, and took from them their destination checks for River Junction and announced to them that River Junction would be the next stop, and plaintiff avers that at said time the train had run nearly the time required from Sneads to River Junction, and it was about the time said train was due at River Junction; that shortly defendant's said servants and employees carelessly and negligently, and without any warning to passengers, caused said train to stop, as at a station, and negligently failed and omitted to notify plaintiff that said stop was not River Junction, and plaintiff avers that said stop was misleading to plaintiff, and did mislead him in the belief that the place was River Junction, whereupon Plaintiff proceeded to leave said coach; that in leaving same, plaintiff found the coach door standing open, which was the position usually found by passengers when alighting at a station, and the flagman standing near, with train lantern lighted and in hand; that plaintiff proceeded to alight from said coach down the regular steps for exit, and on the side the depot at River Junction was located; that the night was dark, and rainy, and plaintiff did not see and could not see by the exercise of reasonable care, that the place was not River Junction, nor that said place was surrounded by dangers, and being unwarned by defendant's employees, stepped from said coach and was thrown to the ground below, twenty-five

feet more or less, with great violence; that the place where he stepped off was a skeleton wooden trestle, without guard rails, floor, platform or other protection, which condition was well known to defendant; that in stepping from said coach, plaintiff's feet found no resting place, and plaintiff was thrown to the ground as aforesaid, and thereby" injured.

To their third count the defendant demurred on grounds that (1) the count is vague, indefinite, uncertain and insufficient and states no cause of action; (2) no actionable negligence is set up; (3) it appears from the allregations that plaintiff was injured by his own negligence; (4) it was the duty of the plaintiff to remain seated until notified that the train had arrived at River Junction. This demurrer was overruled. Trial was had on pleas of not guilty and contributory negligence. Verdict and judgment for $1500.00 were rendered for plaintiff and defendant took writ of error.

The third count is not subject to the demurrer. It states a cause of action and is not fatally indefinite. The allegations do not show that the injury was caused solely by the plaintiff's own negligence; and the plaintiff being an adult was not as matter of law under the circumstances required to remain seated until notified that the train had arrived at his destination. It is alleged that after announcing that River Junction would be the next stop and when it was about time the train was due at River Junction, the defendant's servants and employees carelessly and negligently and without warning to passengers stopped the train, as at a station, and negligently failed and omitted to notify plaintiff that said stop was not River Junction, that said stop was misleading to plaintiff and did mislead him in the belief that the place was River Junction; that in leaving the

car the plaintiff found the coach door standing open, which was the position usually found by passengers when alighting at a station, and the flagman standing near; with train lantern lighted in hand; that plaintiff proceeded to alight from said coach down the regular steps for exit, on the side the depot at River Junction was located; that the night was dark and rainy and plaintiff did not see and could not see by the exercise of reasonable care, that the place was not River Junction, nor that said place was surrounded by danger.

In view of the high degree of care and attention the carrier owed to its passengers the alleged careless and negligent stopping of the train under all the circumstances as stated in the count, resulting in injury to the plaintiff, give rise to a cause of action for damages sustained, the recovery under the statute to be diminished in proportion to the contributory negligence, if any, of the plaintiff. See Seaboard Air Line Ry. v. Callan, 73 Fla. 688, 74 South. Rep. 799; Atlantic Coast Line R. R. Co. v. Holliday, 73 Fla. 269, 74 South. Rep. 479; Tampa & J. R. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437; Standard Phosphate Co. v. Lunn, 66 Fla. 220, 63 South. Rep. 429.

This holding is not in conflict with the decision in Florida East Coast R. Co. v. Wade, 53 Fla. 620, 43 South. Rep. 775, where the circumstances were different, and the injury was not a proximate result of the negligence alleged.

The plaintiff testified that after the train stopped on the bridge he walked out of the open door and then saw a flagman with a lantern in his hand in the door of the coach just behind, that he did not speak and the flagman did not speak to him. Objection was made, on the ground of being immaterial and irrelevant, to a question

whether any notice or warning was given that the stop was not a station. It was not error to overrule the objection, since under the circumstances alleged and testified to the question was quite pertinent. Nor was it error to admit testimony as to whether any employee besides the conductor made any announcement about the next station, such testimony being relevant to the circumstances involved in the issues as made. Under the issues it was not error to admit testimony as to the impairment of plaintiff's capacity for work as a result of the injury.

As there was substantial evidence upon which the jury might predicate a finding for the plaintiff, it was not error to refuse to direct a verdict for defendant. From the evidence the jury may justly have found that because of intoxication the plaintiff may have contributed to his own injury, but this did not preclude a recovery if there was any appreciable negligence on the part of the defendant that proximately participated in the injury. Even if there were technical errors in giving or refusing charges to the jury, no harmful or substantial errors are made to appear, the charges given were fair and ample for the case and the verdict appears to be justified by a fair consideration of the evidence.

Where the charges given conform substantially to the law and the evidence, and the charges refused are in the main covered by other charges given, and the verdict and entire record indicate that errors, if any, in giving or refusing charges were harmless, the judgment will not be reversed, no material error of law or procedure appearing. Seaboard Air Line Ry. Co. v. Callan, 73 Fla. 688, 74 South. Rep. 799; Leake v. Watkins, 73 Fla. 596, 74 South. Rep. 652; Atlantic Coast Line R. R. Co. v.

Holliday, 73 Fla. 269, 74 South. Rep. 479; Carpenter-O'Brien Co. v. Leach, 73 Fla. 82, 74 South. Rep. 6.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR AND WEST, J. J., concur.

ELLIS, J., dissents.