JAMES C. DAVIS, AGENT UNDER PRESIDENTIAL PROCLAMATION, *Plaintiff in Error*, v. MARION B. CAIN, *Defendant in Error*.

Opinion Filed June 13, 1923.

Petition for Rehearing Denied July 31, 1923.

1. By the common law in an action to recover damages for an Injury caused by the negligent operation of a railroad train, the plaintiff must duly allege *and prove negligence* of the defendant's employees that proximately caused the injury; and contributory negligence barred recovery.

2. Under the statute where damage to persons or property is duly shown to have been caused by the running of the locomotives or cars of a railroad company, a presumption of negligence arises, and compensatory damages may be recovered unless the defendant company shows its employees were not negligent as alleged; and if the person injured was also at fault in proximately causing the injury, there may be a recovery, but the amount awarded as damages should be reduced in the proportion that the plaintiff's negligence or fault bears to the combined negligence of both the defendant's employees and the plaintiff.

3. When the plaintiff has duly alleged and shown an injury caused by the running of a locomotive or cars of a railroad company, and the defendant introduces evidence tending to show that its employees were not negligent as alleged, the plaintiff may adduce opposing evidence and the jury must determine conflicts, if any, in the testimony, and also determine the credibility and probative force of the evidence.

4. It is not error to give a charge in the language of the statute under which the action is brought.

A Writ of Error to the Circuit Court for Manatee County; M. A. McMullen, Judge.

Affirmed.

*John B. Singeltary,* for Plaintiff in Error;

*W. B. Shelby Crichlow, Isaac Breeding, Jr.,* and *Hilton S. Hampton,* for Defendant in Error.

WHITFIELD, J.—In an action to recover damages for personal injuries sustained at a railroad crossing, the first count of the declaration alleges that when plaintiff in a motor vehicle was in the act of crossing the track of the defendant railroad company a train of defendant was so

negligently and carelessly propelled that the same . was negligently and carelessly permitted to collide with the motor vehicle in which plaintiff was riding, by means whereof plaintiff was injurd, as alleged. In a second count it is alleged that the plaintiff being unaware of its approach, the train was carelessly and negligently permitted to run with great speed over the crossing without giving warning of its approach, and by means whereof same was negligently and carelessly permitted to run into and collide with the truck on which plaintiff was riding, injuring him.

A demurrer to the declaration was overruled. Pleas of not guilty and of plaintiff's negligence were filed and issue joined thereon.

It is not material to state other proceedings except that judgment was rendered for $4,000.00 damages, and the defendant took writ of error.

By the common law in an action to recover damages for an injury caused by the negligent operation of a railroad train, the plaintiff must duly allege *and prove negligence* of the defendant's employees that proximately caused the injury; and contributory negligence barred rocevory.

Under the statute where damage to persons or property is duly shown to have been caused by the running of the locomotives or cars of a railroad company, a presumption of negligence arises, and compensatory damages may be recovered unless the defendant company shows its employees were not negligent as alleged; and if the person injured was also at fault in proximately causing the injury, there may be a recovery, but the amount awarded as damages should be reduced in the proportion that the plaintiff's negligence or fault bears to the combined negligence of both the defendant's employees and the plaintiff. Seaboard Air Line Ry. v. Callan, 73 Fla. 688, 74 South.

Rep. 799; Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

The statutes provide that ''A railroad company will be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company,'' and that ''No person shall recover damages from a railroad company for injury to himself or his property, when the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him.'' Secs. 4964, 4965, Rev. Gen. Stats. 1920. These statutes do not dispense with the necessity of alleging negligence of the defendant company as a proximate cause of the injury complained of, but proof of negligence is not required when the alleged injury is shown.

Under Section 4964, when upon proper allegations an injury to the plaintiff and the amount of the damage caused by the running of the locomotive or cars of a railroad company are duly shown, the plaintiff may recover a judgment to compensate for the damage duly alleged and shown to have proximately resulted from the injury, unless the defendant company shall show by approximate and sufficient evidence that its agents or employees exercised all ordinary and reasonable care and diligence at the time of the injury complained of, the nature and extent of the care and diligence required of the defendant's employees, being such as the particular circumstances reasonably

demanded. Morris v. Florida Cent. & P. R. Co., 43 Fla. 10, 29 South. Rep. 541; Florida R. Co. v. Dorsey, 59 Fla. 260, 52 South. Rep. 963. If fault of the party injured contributed approximately to the injury inflicted, the amount of the recovery must be reduced. If the railroad company makes it appear that its employees were not at fault or if it shows that the injury was caused by the negligence of the party injured, there can be no recovery under the statute.

When the plaintiff has duly alleged and sworn an injury caused by the running of a locomotive or cars of a railroad company, and the defendant introduces evidence tending to show that its employees were not negligent as alleged, the plaintiff may adduce opposing evidence and the jury must determine conflicts, if any, in the testimony, and also determine the credibility and probative force of the evidence. If the weight of the evidence preponderates in favor of the defendant, the plaintiff is not entitled to recover, notwithstanding the provision of the statute that "the presumption in all cases being against the company," since such provision merely puts the burden upon the defendant railroad company to make it appear that its employees were not negligent as alleged, when an injury is duly shown to have been done by the running of a locomotive, etc., of a railroad company. The presumption of negligence that the statute puts upon a defendant railroad company, on the stated showing, does not outweigh evidence that may be adduced to show that the defendant's employees were not negligent as alleged, but the statute merely requires the defendant railroad company to adduce evidence to remove the presumption of negligence put by the statute upon the defendant railroad company, when an injury caused by the running of its locomotives, etc.,

is duly shown. The plaintiff is relieved of the common law burden of proving that the injury shown was caused by negligence of the defendant; and to prevent a recovery the defendant railroad company is required to show by a preponderance of probative evidence that its employees were not negligent as alleged, or that only the party injured was at fault. If it appears that the party injured was also at fault, the damages for. the injury sustained should be reduced in amount as required by the statute.

It is not error to give a charge in the language of the statute under which the action is brought.

A detailed discussion of the various contentions made for the plaintiff in error is not essential to a proper decision of this case upon its merits as shown by the record.

There is evidence that the defendant's train was late and without blowing the whistle or ringing the bell, was running fast through the "siding" where two packing houses were, and over the crossing between the packing houses, and that plaintiff's view in the direction of the train was obstructed, which of course was known to the defendant company as well as to the plaintiff, and that plaintiff, supposing the train had passed did not know of its approach or hear the train until he was on the track in front of the train. These and other circumstances disclosed by the record form a proper basis for a recovery predicated upon the verdict for the plaintiff. But in the opinion of the writer and of the Chief Justice the evidence also shows negligence by the plaintiff that proximately and largely contributed to his injury; and in view of the whole record it appears to the writer and to the Chief Justice that the damages sustained were not reduced in proportion to the plaintiff's fault as required by the statute. However, the Court is of opinion that as liability

appears the verdict is not excessive, and the judgment should be and is affirmed.

It is so ordered.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.

TERRELL, J., not participating.