CHARLES J. GERMAK, *Plaintiff in Error*, v. FLORIDA EAST COAST RAILWAY COMPANY, A CORPORATION, *Defendant in Error*.

Division B.

Opinion Filed May 30, 1928.

992

*Hilburn & Merryday,* for Plaintiff in Error;

*J. P. Lamb & Robert H. Anderson,* for Defendant in Error.

PER CURIAM—The declaration states an injury at a grade crossing in a municipality alleged to have been caused by the defendant in carelessly and negligently running and operating its train whereby it struck a motor driven vehicle in which plaintiff was riding, as the motor vehicle was crossing defendant's tracks. Trial was had on a plea of not guilty. Verdict and judgment were rendered for the defendant and the plaintiff took writ of error.

The court allowed counsel for each side one hour for argument to the jury. One of the counsel for the plaintiff made an opening argument for twenty minutes. Counsel for the defendant waived his right of argument. There upon the other counsel for the plaintiff requested ''permission to argue the case to the jury, either as an opening or closing argument, and insisted that he had an absolute right to argue the case to the jury for the space of forty minutes, the unused time allowed by the court.'' This was denied. Exception was taken. The court stated: ''The rule is that there is an opening and a closing argument for the plaintiff in the case. Plaintiff in this case has made its opening argument, the defendant does not care to argue the case; therefore the case is submitted on the argument of the plaintiff.''

The defendant's counsel having made no argument there was nothing to be met or replied to by counsel for the

plaintiff, and the presentation rested upon the opening argument for the plaintiff. This would not necessarily be harmful to the plaintiff and there is nothing in the record to indicate that the plaintiff could reasonably have been injured by the ruling in the case.

In B. & O. R. R. Co. v. Goodman, 275 U. S. 66, 48 Sup. Ct. 24, it is said: ''When a man goes upon a railroad track he knows that he goes to a place where he will be killed if a train comes upon him before he is clear of the track. He knows he must stop for the train, not the train stop for him. In such circumstances if a driver cannot be sure otherwise whether a train is dangerously near he must stop and get out of his vehicle, although obviously he will not often be required to do more than stop and look. It is true, as said in Flannelly v. Deleware & H. Co. 225 U. S. 597, 603, 56 L. Ed. 1221, 1222, 44 L. R. A. (N. S.) 154, 30 Sup. Ct. Rep. 783, that the question of due care very generally is left to the jury. But we are dealing with a standard of conduct, and when the standard is clear it should be laid down once for all by courts. See Southern P. Co. v. Berkshire, 254 U. S. 415, 417, 419, 65 L. Ed. 335, 337, 338, 41 Sup. Ct. Rep. 162.''

This rule has reference to the standard of conduct required by the law of persons in crossing railroad tracks. It does not relate to the standard of duty imposed upon railroad companies or define the liability of such companies under a statute like the one in Florida which provides that ''a railroad company shall be liable for any damage done to persons * * * by the running of locomotives or cars * * * unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company. No person shall recover damages from a railroad company for injury to himself or his

property \* \* \* caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased in proportion to the amount of default attributed to him.'' Sections 4964-5 Rev. Gen Stats. 1920.

Under the above statutory provisions the rule announced by the Supreme Court of the United States in the Goodman case, *supra*, may be an appropriate standard of care required of a person in crossing a railroad track, to be applied in actions to recover damages for personal injuries received by collision with a train at a railroad crossing, and negligence of the injured person may appear from his failure to observe the required standard, which would bar recovery under the law in some states, see Penna. R. Co. v. Rusynik, Ohio, 159 N. E. 826; yet under the Florida statute if an injury is duly alleged and shown to have been caused by the running of a railroad company's train, there may be a recovery for damage done unless the company shall make it appear that its employes exercised all ordinary and reasonable care and diligence in the premises, Tampa El. Co. v. Bazemore, 85 Fla. 164, 96 So. 337; but if it appears that the injury was caused solely by the negligence of the party injured there can be no recovery, S. A. L. R. Co. v. Myrick, 91 Fla. 918, 109 So. 193; S. A. L. Ry. v. Tomberlin, 70 Fla. 435, 70 So. 437; Tampa El Co. v. Bourquardez, 72 Fla. 161, 72 So. 668; and if both the injured and the employes of the railroad company were at fault in causing the injury, there may be a recovery, but the damages will be reduced in proportion to the contributory negligence of the injured party. L. & N. Ry. Co. v. Norton, 75 Fla. 597, 78 So. 982; A. C. L. R. R. Co. v. Wier, 63 Fla. 69, 58 So. 641; Davis v. Cain 86 Fla. 18, 97 So. 305; Stephens v. Tampa El. Co. 81 Fla. 512, 88 So. 303; A. C.

L. R. R. v. Callen 73 Fla. 688, 74 So. 799; S. A. L. Ry. v. Tighlman, 237 U. S. 499, 35 Sup Ct. 654, 57 L. Ed. 1096, Ann Cas. 1914 C. 172; 109 So. 432.

The charges given in the main accord with the law of this State as above indicated; and such technical inaccuracies as appear in the charges could not reasonably have been harmful to the plaintiff in view of entire evidence and the charges considered as a whole.

There are conflicts in material portions of the testimony, but considering the evidence in its entirety the verdict found appears to be the correct one; and there is nothing to indicate that the trial was not fair or that the result is not a just conclusion. See S. A. L. Ry. Co. v. Myrick, 91 Fla. 918, 109 So. 193; Tampa & G. C. R. Co. v. Lynch, 91 Fla. 375, 108 So. 560.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J. concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.