WHITE, Judge.
The appellants, plaintiffs below in a negligence action, seek reversal of a summary final judgment in favor of two of the named defendants, Julius Valasky and *273 Doris M. Valasky. The parties will be referred to according to their designation in the trial court.
The plaintiffs’ minor son was killed in the early morning of January 29, 1959 when the automobile which he was driving, or in which he was a passenger, struck a cast-iron steel suction pipe suspended on pilings over a beach road outside the city limits of Cocoa Beach. The suction pipe extended from the water’s edge of the Atlantic Ocean across the beach roadway to a point some 30 feet beyond the roadway. The pipe had been placed there by T. C. Worley, a seawall contractor. The pipe stood on piling four to six feet above beach level. The seawall was being constructed in front of the Bonaire Apartments of the defendants Ross at the time the automobile collided with the suction pipe.
The plaintiffs filed their complaint against T. C. Worley the contractor, William James Ross and wife Martha T. Ross, owners and operators of Bonaire Apartments, and Julius Valasky and wife Doris M. Valasky, owners and operators of the adjacent Beachcomber Motel. On March 10, 1960 depositions of the parties were taken and the defendant Valaskys moved for summary judgment of non-liability, which was granted as to said defendants and made final on October 3, 1960. This appeal ensued.
It is the contention of the plaintiffs, as appellants here, that the depositions and affidavits on motion for summary judgment showed conclusively that the two motel owners, Ross and Valasky, entered into a joint enterprise for the construction of a seawall in front of their properties, the motels being adjacent and separated only by an unused county dirt road. The plaintiffs assert that the record showed the two motel owners had agreed upon a continuous seawall to extend across both their properties inasmuch as the pounding surf would soon demolish separate seawalls of shorter length. The crux of plaintiffs’ position is that since the project was a joint enterprise in hiring the contractor, the defendant owners were joint tort-feas-ors by allowing the contractor to place the pipe in front of their properties and across the beach with no warning devices to make the obstruction visible to motorists using the beach road on the misty morning of the fatal accident.
The determinative issue on appeal is whether the trial court erred in granting the motion for summary judgment in the light of affidavits and depositions submitted. The first of plaintiffs’ theories as to liability is that the two motel owners were engaged in a joint adventure in hiring T. C. Worley as contractor to construct the seawalls and that both owners were negligent in allowing him to obstruct the beach without warning or safety devices. The alternative theory is that the defendants were liable by reason of an employer-employee relationship. We will consider the two contentions together.
In Klaber v. Klaber, Fla.App.1961, 133 So.2d 98, 100, the court defines a joint adventure as:
“ * * * a contractual relationship in the nature of a limited business partnership. It rests upon an express or limited agreement of two or more persons to combine their property or time or both in a specified course of business, or in a particular business transaction, and to share jointly on some stipulated basis in the profits and losses with each coadventurer having a proprietary interest and coordinate control and authority to bind the others with respect to the subject matter; and the burden of proving a joint adventure rests upon the party asserting its existence. See Kislak and Hotchkiss et ux. v. Kreedian, Fla.1957, 95 So.2d 510; 30 Am.Jur. Joint Adventures, Section 1.”
It is apparent that the factors required to establish a joint adventure are not present in this case. Contractor Worley’s state *274 ments show that there was no contractual relationship between him and appellees prior to or at the time of the accident. He stated that he was building a wall for William Ross in front of the Bonaire Apartments; that he had quoted a price per foot to Valasky for a wall in front of the Beachcomber Motel; that prior to the accident Valasky had neither hired him nor told him to purchase materials, nor did he participate in any way prior to January 29, 1959 in building the seawall. The depositions of both William Ross and Julius Valasky substantiate the position that each had contracted for separate jobs; that Worley did not begin working for Valasky until after the accident; that if Valasky should have a wall built for his property the walls were to join because the properties adjoined and the continuity would protect both walls.
In Gulf Refining Company, et al. v. Wilkinson, 1927, 94 Fla. 664, 669, 114 So. 503, 505, a majority of the court quoted:
“The general rule asserts “that negligence in the conduct of another will not be imputed to a party if he neither authorized such conduct, nor participated therein, nor had the right nor power to control it.’ 20 R.C.L. 149. These general principles have been recognized in the decisions of this court. St. Johns, etc., Ry. Co. v. Shalley, 33 Fla. 397, 14 So. 890; Mumby v. Bowden, 25 Fla. 454, 6 So. 453.”
On page 671, [page 506 of 114 So.] the court went on to say:
“A joint tort is essential to a joint action for damages therefor against several parties, and where the evidence fails to show a joint liability, a joint judgment is erroneous, and will be reversed. Standard Phosphate Co. v. Lunn, 66 Fla. 220, 63 So. 429; Louisville & N. R. R. Co. v. Allen, 67 Fla. 257, 65 So. 8, L.R.A.1915C, 20.
The depositions and affidavits in the record conclusively show that neither on January 29, 1959, the date of the accident, nor at any time prior thereto was there any relationship between the contractor T. C. Worley and the defendants Julius Valasky and Doris M. Valasky which could support a finding of liability on the part of the latter. There was nothing to support a finding of a joint adventure as between Ross and Valasky nor was there any showing of facts suggesting an agency between Worley and Valasky prior to or at the time of the accident. The summary judgment therefore was properly entered as to Julius Valasky and Doris M. Valasky.
Affirmed.
SHANNON, C. J., and KANNER, J., concur.