**FLORIDA AIR AND WATER POLLUTION CONTROL COMMISSION v. B & W CANNING COMPANY, Inc.**

No. 3768.

Circuit Court, Lake County.

December 4, 1970.

66

Bjarne B. Anderson, Department of Legal Affairs, Tallahassee, for the plaintiff.

Arthur E. Roberts, Groveland, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This cause coming on to be heard on defendant's motions to abate and dismiss plaintiff's complaint and defendant's motion for more definite statement, the court having heard argument of counsel for the parties and considering that this matter involving the Florida Air and Water Pollution Control Act is of first impression, this court ordered and counsel have submitted their briefs, being so advised, after consideration of the questions raised, argument of counsel and review of their memorandum briefs, the court finds —

The legislature in adopting the Air and Water Pollution Control Act, chapter 403, Florida Statutes, chapter 67-436, Laws of Florida, 1967, declared, inter alia, that — "the public policy of this state to conserve the waters of the state and to protect, maintain, and improve the quality thereof for public water supplies, for the propagation of wildlife, fish and other aquatic life, and for domestic, agricultural, industrial, recreational, and other beneficial uses, and to provide that no wastes be discharged into any waters of the state without first being given the degree of treatment necessary to protect the beneficial uses of such water . . ."

A review of legislative history in the field of pollution control law will disclose that prior to the enactment of the Florida Air and Water Pollution Control Act of 1967, the state imposed pollution control requirements upon its citizens discharging wastes into waters of the state — which include lakes, streams and ditches — where

such discharges may create pollution impairing the interests of the public or persons lawfully using such waters. (Ref. §§381.251 through 381.291, Florida Statutes, 1965; see computation §2, chapter 29834, Laws of Florida, 1955, formerly contained in §381.43. See also §387.08; §1, chapter 5954, Laws of Florida, 1909; Revised General Stat., chapter 5524, Compiled Gen. Laws, ch. 7690.)

By its complaint filed in this case, inter alia, plaintiff seeks damages, costs and expenses of investigation and an assessment of civil penalties under subsections 403.141(1) and (3) and subsections 403.161(1), (2) and (4), Florida Statutes, 1967, from defendant for allegedly permitting or causing improperly treated wastes to be discharged or escape from its canning plant into Lake Catherine, causing pollution of the lake, and an alleged fish kill therein.

Defendant's motion to abate and dismiss plaintiff's complaint does not challenge the allegations of the complaint, but seeks abatement and dismissal of the complaint on the grounds of plaintiff's failure to join, as indispensable parties, unspecified ". . . other parties . . . probably contributing to the pollution of Lake Catherine . . .," including ". . . numerous abutting property owners to Lake Catherine." While it may be true that the defendant and others may have put polluting matters into the lake, separately or in a manner so that they became intermingled, there is no evidence or allegation that such parties had any connection with the acts of the other in order that other party defendants be joined in this action (see Symmes v. Prairie Pebble Phosphate Co., 66 Fla. 27, 63 So. 1 (1913); and Standard Phosphate Co. v. Lynn, (1913), 66 Fla. 220, 63 So. 429) which would necessitate inclusion of other unnamed parties upon a purely legal conclusion. See also Kislak v. Kreedian (Fla. 1957), 95 So.2d 510, citing 48 C.J.S., *Joint Adventures,* §§1-16. As no challenge to the complaint was made in the case, defendant's motion admits the allegations of the complaint well pleaded and such matters constituting affirmative defenses might be made by defendant in its responsive pleading to the complaint (see Community Blood Bank v. Russell (Fla. 1967), 196 So.2d 115) but this court will not assume such defenses.

Defendant's motion for more definite statement is based on the contention that the complaint is vague and in particular that the allegation covering the time of the offense "for a period of at least 10 days" is insufficient for the defendant to frame a response to the complaint. Paragraph 4 of the complaint, inter alia, states —

"4. That on or about the 30th day of December, 1968, Defendant . . . intentionally or negligently permitted or caused improperly treated citrus wastes to be discharged or to escape from its canning plant into Lake Catherine which for a period of at least ten (10) days, caused the pollution of said lake . . ."

The court takes judicial cognizance of the fact that the act of pollution may be accomplished within a short period of time, or may be spread over longer periods. What is required as to certainty in the drafting of a complaint such as this, which includes both damages and civil sanctions in the assessment of a civil penalty, is that the time be fixed in the complaint with such certainty as to protect the defendant from subsequent litigation for the same offense. Undoubtedly the parties in this case have certain knowledge of particulars concerning support of the charges made and wastes generated and disposed of, in citrus processing, which can be found and fixed with certainty by discovery procedures available to the defendant as well as the plaintiff. Hence the alleged offense, being statutory and quasi-criminal in nature, does not require that the charge name a day certain, but that it name a time certain, this being established as "on or about the 30th day of December, 1968." See Overstreet v. Whiddon (1937), 130 Fla. 23, 177 So. 701. The discharge of a waste effluent is continuing in nature (see North Dade Water Co. v. Adkin Land Co. (3 Fla. App. 1961), 130 So.2d 894, 898) occurring as alleged for at least the ten days commencing around December 30, 1968 — the defendant should be as aware of its discharges during this period as we must assume the plaintiff is for alleging same in its complaint.

Since plaintiff is not prohibited from seeking a judicial determination of liability and damages from this court under the provisions of §403.141(3), Florida Statutes, which may or may not, as the evidence may indicate, require assessment of civil penalties provided under §403.161, I find no conflict between this case and the decision of St. Regis Paper Company v. State (1 Fla. App. 1970), 237 So.3d 797, as determination of liability would be a condition precedent to any penalty assessment.

It is therefore ordered that — (1) Defendant's motion to abate and dismiss plaintiff's complaint is denied; (2) Defendant's motion for more definite statement is also denied; (3) No other challenges to the complaint having been filed, defendant shall within thirty days of the entry of this order file its answer to the complaint with this court.