FLORIDA EAST COAST. RAILWAY COMPANY, *Plaintiff in Error*, v. MIRIAM L. PIERCE, *et al., Defendants in Error*.

Filed February 26, 1913.

## ON REHEARING.

1. After verdict and judgment an appellate court may consider the testimony to determine whether there is substantial legal evidence to support the judgment and whether it appears that the jury was not governed by the evidence in rendering the verdict.

2. While the legal effect of evidence is a question of law to be reviewed by the court, conflicts in the testimony and questions of the credibility of witnesses are eliminated by the verdict, when there is substantial legal evidence to support the verdict, and it does not appear that the jury misapplied the law or were not governed by the evidence in making their finding.

Rehearing denied.

*Alex. St. Clair-Abrams*, for Petitioner.

PER CURIAM.—In a petition for rehearing, it is suggested that the court overlooked the contentions that there is a fatal variance between the allegations and proofs; that the court erred in refusing to take a recess at the trial to enable defendant to get its witnesses from a distance into court; and that the verdict is excessive

in amount. The court most carefully considered every phase of the evidence and every contention and suggestion made by counsel.

The allegation is that the plaintiff a passenger "while walking along the space provided by defendant for passengers, near to said train, and where she was then and there directed by the trainmen of defendant to walk and to board said train, plaintiff Miriam L. Pierce then and there stumbled and fell over a large piece of timber, of the dimensions to-wit: about twelve inches square and eight to ten feet long, which had been left lying then and there on the grounds at or near the platform of one of the cars in said where she had been directed by said employees or trainmen to board said train; that at said time and place it was dark, and so dark said plaintiff could not see said timber, and plaintiff alleges that defendant was guilty of carelesseness and negligence in the premises, in this, to-wit: that it allowed said piece of timber to be then and there as aforesaid at said place, and in not providing then and there light sufficient and adequate for the lighting of said place for the protection of plaintiff, Miriam L. Pierce, and others similarly situated." There was no plea or affirmative evidence of contributory negligence. The plea of not guilty put in issue only the breach of duty or wrongful act of negligence alleged to have been committed by the defendant. The trial court was liberal in admitting testimony for the defendant under the general issue. The verdict and judgment being for the plaintiff, the main questions to be determined are whether there was substantial legal evidence to support a finding of liability and whether it appears that the jury were not governed by the evidence. While the legal effect of evidence is a question of law to be reviewed by the court, conflicts in the testimony and ques-

tions of the credibility of witnesses are eliminated by the verdict, when there is substantial legal evidence to support the verdict, and it does not appear that the jury misapplied the law or were not governed by the evidence in making their finding.

In this case it cannot be said that under the law and on the evidence as a whole, the jury were not warranted in finding the defendant liable in damages or that the material allegations and the proofs are fatally variant.

It appears that the plaintiff Miriam L. Pierce had gone from Jacksonville to Mayport, Florida, on a round trip ticket over defendant's road; that intending to return at night, she was proceeding with others of her party, from the place where she alighted from a boat, going towards the defendant's railway passenger station; that in passing hurriedly over defendant's depot grounds ahead of her party of friends and before reaching the platform of the passenger station where she saw a train apparently about ready to start, she was passing several coaches a short distance from the station platform; that, as she testifies, "a man on the forward coach with a lantern said 'Lady, if you want to go to Jacksonville, you can take these cars here, they are going,' and she said 'very well,' of course, and turned back to notify her party as she did not know that they knew it. It was dark and she could not see them, and when she got back to the train this way she stumbled over this timber." "The man who had the lantern was on the train when they called her. The only one that she saw was on the train. He was a white man. The only time that she saw him was when he called to her at some distance, and when he came to her on the train she was quite sick." "It was very dark." "The man on the train called me back and told me these coaches would go." "There was no light

that I could see by except the lantern the man had, and the one the man had when he called me back." "When he called her, she was standing or walking on the railroad yards there, the depot yards."

A witness for the defendant testified that passengers frequently did get on cars at the place in question, "he didn't know whether it was usual or not." "This was not by any authority from the company." "He had seen passengers getting on and off on the opposite side of the station at that train, but that he had never authorized them to get on there; had never notified them not to get on there; that the recognized authorized place for them to get on and off the train was the passenger station." "Passengers had frequently taken those coaches on the lower track; that nobody objected to their doing so."

In view of the duty under the law due by a common carrier to its passengers, and of the evidence as to what had been frequently done by passengers in getting off and on cars at the point in the depot yards of the defendant, and of the evidence showing that the plaintiff was, by one apparently authorized to do so, invited to take a coach she was then passing, and of her immediate acceptance of the invitation, and of the undisputed presence of the piece of timber near the coach in the dark, the jury were warranted in finding the defendant liable, and there is nothing to indicate improper action of the jury in so finding. The evidence is not overwhelming or conclusive either way on the main issues. Questions of the weight and credibility of testimony are foreclosed by the jury, since there is no showing that they have been improperly influenced or that they have decided against the manifest weight of the evidence or against the rules of law applicable to the evidence in finding the defendant liable.

Under the circumstances disclosed by the record, the jury may reasonably have found that the plaintiff, a passenger, "while walking along the space provided by defendant for passengers, near to said train, and when she was then and there directed by the trainmen of defendant to walk and to board said train" plaintiff was injured as alleged in the declaration.

The statements testified to as having been made to the plaintiff by a person who was apparently in charge of the coach were under the peculiar circumstances of this particular case equivalent to a direction to the passenger to enter the coach at the place where it then was. The presence of the piece of timber at the place indicates negligence of the defendant in its duty to passengers invited or permitted to board cars at the point.

This record does not show that the trial court abused its discretion in refusing to wait longer for defendant's witnesses, or that the defendant was injured by the refusal.

Some members of the court consider the verdict excessive in amount and that justice requires a remittitur to be directed under the rules announced in Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714, and other cases decided by this court; but a majority of the court are of opinion that the verdict is not so excessive as to call for a remittitur by the appellate court.

Rehearing denied.

All concur.