TAMPA & JACKSONVILLE RAILWAY COMPANY, *Plaintiff in Error*, v. C. Y. CRAWFORD, ET AL, PARTNERS AS CRAW-FORD & DAVIS, *Defendants in Error*.

### Opinion Filed Feb. 3, 1914.

1. Where in an action for damages the declaration when fairly considered as an entirety states facts from which it may reasonably be inferred that the negligence alleged was a proximate cause of the stated injury, a demurrer addressed to that point is properly overruled.

2. A judgment will not be reversed for harmless errors in rulings on the admissibility of testimony.

3. While the legal effect of evidence is a question of law to be passed upon by the court when properly presented, the credibility and probative force of conflicting testimony are for the determination of the jury.

4. When there is substantial legal evidence to support the verdict, and there is nothing to indicate that the jury misapplied the law, and it does not appear by an overwhelming preponderance of the weight of the evidence or otherwise

that the jury were not governed by the evidence in making their finding, the appellate court will not reverse the judgment on the ground that the verdict is not supported by the evidence.

Writ of Error to Circuit Court for Alachua County; J. T. Wills, Judge.

Judgment affirmed.

*Hampton* N *Hampton,* for Plaintiff in Error.

*E. G. Baxter* and *W. S. Broome,* for Defendants in Error.

WHITFIELD, J.—Crawford & Davis brought an action for damages and allege in effect that they were the owners of a certain building used as a barn, containing 116 tons of hay, &c., situated within a short distance from the track of the defendant company, and that the defendant railway company "negligently and carelessly run and operated one of its engines over and along its railroad track near to and by the said barn of the plaintiffs, and as a result of defendant's negligence in failing to perform its duty, and provide its engines with proper and necessary appliances, instruments and spark arresters, sparks and brands of fire escaped from the smokestock of such engine, and were carried and thrown upon and ignited said barn of the plaintiffs, and said barn and its contents * * * were entirely consumed and destroyed." A demurrer to the declaration was overruled, a motion for compulsory amendment was denied, a plea of not guilty was filed, and at the trial the plaintiffs obtained verdict and judgment. A writ of error was taken.

It is contended that the demurrer should have been sus-

tained because the declaration "does not allege how the sparks were carried and thrown upon thhe building," and that the facts alleged do not show that any negligence of the defendant was a proximate cause of the burning of the building.

A declaration in an action at law should, by direct allegations or by fair inference from direct allegations, contain all the essentials of a cause of action. When negligence is the basis of recovery, the declaration should contain allegations of the negligent act or omission complained of, and also allegations of the injury sustained, and should show that such injury was the proximate result of the negligence alleged. When the declaration fairly considered shows that the negligence therein alleged was not a proximate cause of the injury stated, an approximate demurrer should be sustained. But when fairly considered as an entirety, if the declaration states facts from which it may reasonably be inferred that the negligence alleged was a proximate cause of the stated injury, a demurrer addressed to that point should be overruled. German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Leynes v. Tampa Foundry & Mach. Co., 56 Fla. 488, 47 South. Rep. 918; Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732.

The allegation that "as a result of defendant's negligence * * * in failing to provide its engines with proper and necessary appliances, instruments and spark arresters, sparks and brands of fire escaped from the smokestack of such engine, and were carried and thrown upon and ignited said barn," is fairly susceptible to the meaning that by reason of defendant's negligence the sparks and brands of fire escaped from the smokestack and that such sparks and fire brands so negligently al-

lowed to escape, and by the manner of such escape, and the ordinary forces of nature, were carried and thrown upon and ignited such barn." Thus construed, the declaration shows that the alleged negligence was a proximate cause of the stated injury, since the ordinary forces of nature are not an independent efficient cause, and the allegation that the building was "within a short distance from the track," does not indicate that the sparks and fire brands could not have been by the manner of their negligent escape and the ordinary forces of nature "carried and thrown upon and ignited said barn." As the defendant could not have been put to a disadvantage or misled to its injury by the pleading, and as a cause of action may properly be shown by approximate proofs under the allegations, the court will not be held in error for overruling the demurrer to the declaration. See Standard Phosphate Co. v. Lum, 66 Fla. 220, 63 South. Rep. 429. For the reason stated the court will not be held in error for denying a motion for a compulsory amendment of the declaration. The declaration cannot be regarded as entirely definite and accurate, but the court committed no reversible error in permitting it to stand for purposes of trial on the merits.

At the trial the plaintiffs offered in evidence a letter from the defendant's agent to its general manager which in effect contradicted the testimony of the agent in the trial. The introduction of the letter was objected to by the defendant on the grounds that (1) it was not properly in the custody of the plaintiffs; (2) it is the property of defendant and is not produced in the manner prsscribed by law for requiring the defendant to produce the paper; (3) it is incompetent. The means used by the plaintiffs to get possession of the letter did not affect its admissibility to contradict the agent's testimony given on

the trial. In his testimony the agent stated that he was in a position to see whether the engine "threw sparks or not" and that "it was not throwing any sparks." In the letter written to the general manager of the defendant company the agent stated that he "was not in a position to see the engine, therefore am unable to say if it was or was not throwing sparks." There was no error in admitting the letter in evidence to contradict the testimony of the writer.

A witness for the defendant testified that he had been an engineer for the defendant and had run the particular engine before the fire, but had "ceased to run it about three or four months before the fire," and that while he ran the engine "the condition of the cone was all right." The witness also testified that he had written a letter to the general manager of the company several months after the fire, and that the letter related to the ash pan of the engine. The letter was admitted in evidence over objecttions that it was improperly obtained from the plaintiffs; that it was not produced in the manner prescribed by law, and does not come from the proper source; and that it has reference to the ash pan, and not the smoke stack. The letter was: "Eng. 105 is still throwing fire since netting has been put in, but not so bad as before." If in view of the statement of the witness that the "letter was in regard to the ash pan," the court technically erred in not excluding the letter. A consideration of all the evidence makes it quite apparent that no harm could reasonably have resulted from the admission in evidence of the letter. The letter was introduced to contradict the witness, and as his testimony was of little materiatlity the admission of the letter could do no real harm. A judgment will not be reversed for harmless errors in rulings on the admissi-

bility of testimony. Skinner Mfg. Co. v. Douville, 61 Fla. 429, 54 South. Rep. 810.

It is insisted that the verdict is contrary to the evidence. While the legal effect of evidence is a question of law to be passed upon by the court when properly presented, the credibility and probative force of conflicting testimony are for the determination of the jury. When there is substantial legal evidence to support the verdict, and there is nothing to indicate that the jury misapplied the law, and it does not appear by an overwhelming preponderance of the weight of the evidence or otherwise that the jury were not governed by the evidence in making their finding, the appellate court will not reverse the judgment on the ground that the verdict is not supported by the evidence. See Florida, East Coast Ry. Co. v. Pierce, 65 Fla. 136, 61 South. Rep. 236.

It appears that the east end of the barn was 156 feet from the center of the main line of the railroad; that "the barn had a pebble roof—wood or tar, or paper and tar—fireproof roofing;" and that the doors were closed, but the windows were open for ventilation. There is positive testimony by several witnesses that from ten to thirty minutes before the barn was discovered to be on fire that defendant's train was passing back and forth; that there was a high east wind blowing towards the barn; that the engine was "throwing fire;" that "the sparks were very large—millions of them—lots of them;" that "the sparks were going in a southwesterly direction towards the barn of the plaintiffs;" that "the wind was coming from the northeast. The sparks were large; * * * they looked like pieces of rotten wood. * * * The sparks fell about 65 or 75 or 80 yards from the engine. * * * * Didn't see any of the sparks strike the ground burning."

The fire was discovered on the side of the building next to the railroad.

There are sharp conflicts in the evidence, but they were settled by the finding of the jury. As there is substantial evidence upon which the verdict may lawfully be sustained, and as it does not appear that the jury were not governed by the evidence, or that the verdict is so manifestly against the preponderating weight of the testimony as to call for interference by the appellate court, the judgment should be and is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.