E. A. GROOVER, *Plaintiff in Error,* v. BARBARA HAMMOND, *et al., Defendants in Error.*

## Opinion Filed May 25, 1917.

1. Where one of the assignments of error is based upon the overruling of the demurrer to the declaration, the better practice is for the plaintiff in error to discuss such assignment first in his brief for the reason that, where there is no sufficient declaration in a case, and a demurrer should have been sustained thereto, the other questions in the record are not open for the consideration of the appellate court.

2. While an assignment of error based upon the overruling of the demurrer interposed to the declaration is not required to designate or specify the particular grounds of the demurrer relied on, the plaintiff in error will be confined to the grounds stated in the demurrer and argued in the appellate court, the grounds thereof not argued being treated as abandoned,

the only exception thereto being where there is an omission in the declaration of allegations of substantive facts which are essential to a right of action, so that the declaration wholly fails to state a cause of action.

3. Section 1448 of General Statutes of 1906 does not require that each count of a declaration should set forth the amount of damages claimed by the plaintiff, though there is no objection to so doing. It is sufficient compliance with the statute if the declaration concludes with a statement as to the amount of damages claimed by the plaintiff.

4. In construing a declaration, if there are two intendments, it shall be taken most strongly against the plaintiff, but the intendments must be reasonable, not strained or forced.

5. Conceding that, where the declaration, in an action at law seeking to recover damages alleged to have been occasioned by the negligence of the defendant, where such damages are not apportionable under the statute, shows upon its face that the plaintiff was guilty of contributory negligence, advantage thereof may be taken by demurrer, if the declaration fails to so show, it is not demurrable upon that ground.

6. Where contributory negligence is a defense to an action in tort, it should be pleaded and proven by the defendant, unless it appears from the allegations or proofs of the plaintiff.

7. The credibility and probative force of conflicting testimony are for the determination of the jury.

8. Where there is substantial legal evidence to support the verdict, and there is nothing to indicate that the jury misapplied the law, and it does not appear by an overwhelming preponderance of the weight of the evidence or otherwise that the jury were not governed by the evidence in making their finding, the appellate court will not reverse the judgment on the ground that the verdict is not supported by the evidence.

9. A motion in arrest of judgment reaches only such errors as are apparent on the record proper.

10. A judgment will not be reversed for harmless errors in rulings on the admissibility of testimony.

Writ of 'Error to Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment affirmed.

*Cockrell & Cockrell,* for Plaintiff in Error;

*Austin Miller,* for Defendants in Error.

SHACKLEFORD, J.—Barbara Hammond and F. B. Hammond, her husband, and H. L. Hammond instituted an action at law against E. A. Groover for the recovery of damages to an automobile owned by the Hammonds, alleged to have been occasioned by the negligence of Groover in operating his automobile whereby he ran into and against the plaintiff's automobile, greatly damaging and totally demolishing the same. The declaration originally contained five counts, the last three of which went out on demurrer, so that only the first two were left standing, which are as follows:

"1. Barbara Hammond and F. B. Hammond, her husband, and H. L. Hammond, by Miller & Fowler, their attorneys, sue E. A. Groover for that on the thirteenth day of September, A. D. 1913, he owned, maintained and operated upon the public or county roads of Duval County, Florida, a certain automobile known and designated as a MacFarland 'Six;' that on the day aforesaid, at about eleven P. M. of the clock, at a certain spot designated as the intersection of St. Johns and Edgewood Avenues, in the said County and State, said defendant so negligently and carelessly drove and ran the said automobile that it ran into and against the automobile of the plaintiffs, whereby it was greatly damaged and totally wrecked.

"2. And the plaintiffs further sue the defendant for that at the time and place aforesaid in count 1 of this declaration, plaintiff, H. L. Hammond, was driving plaintiffs' automobile along Edgewood Avenue towards the intersection of St. Johns Avenue; that said H. L. Hammond saw and perceived this defendant driving his automobile towards him and said intersection, at a great rate of speed, to-wit, at the rate of from twenty-five to thirty-five miles per hour, on said St. Johns Avenue; that said H. L. Hammond stopped the plaintiffs' automobile, in order that the defendant might pass, said plaintiffs' automobile being wholly upon Edgewood Avenue excepting about two feet of said automobile which extended out and into St. Johns Avenue; but defendant so negligently and carelessly ran his said automobile, that he ran into and against the plaintiffs' automobile, greately damaging and totally demolishing same."

To this declaration the defendant filed the following pleas:

"Comes now the defendant by his attorneys, Cockrell & Cockrell, and for his plea to the declaration and each count thereof severally says that he is not guilty.

"2. And for a second plea to said declaration and each count thereof severally, defendant says that plaintiffs were guilty of negligence which caused the injury complained of in this: At the time and place of the accident defendant was driving his automobile along St. Johns Avenue, in the County of Duval and State of Florida. Said St. Johns Avenue was then and there one of the principal roads of Duval County, Florida, along which many vehicles constantly pass. Defendant was then and there driving his automobile in a prudent and careful manner at a reasonable rate of speed. Just before defendant reached the intersection of St. Johns

Avenue and Edgewood Avenue plaintiffs drove their automobile on to St. Johns Avenue in front of defendant. Plaintiffs then and there drove their automobile from Edgewood Avenue South of St. Johns Avenue. That part of Edgewood Avenue which is South of St. Johns Avenue was then and there little used. Defendant, on seeing plaintiffs' automobile drive into St. Johns Avenue in front of defendant, turned his car so as to pass in the rear of plaintiffs' automobile. Plaintiffs then and there suddenly stopped plaintiffs' automobile and then and there backed plaintiffs' automobile in such way as that, though defendant made every effort to avoid a collision, defendant was unable to do so. Defendant further alleges that the stopping and backing by plaintiffs of plaintiffs' automobile as aforesaid was done negligently and carelessly and was the proximate cause of the collision and accident."

The plaintiffs joined issue upon these pleas and the cause was submitted to a jury for trial and determination, which resulted in a verdict being returned in favor of the plaintiffs for the sum of $800.00, upon which judgment was duly rendered and entered, which judgment the defendant has brought here for review, assigning several errors.

We shall take up first for consideration the first, second and third assignments, which are based upon the overruling of the demurrer to the first and second counts of the declaration, which we have copied above. It is true that these assignments are not the first ones argued before us, though, as we held in Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, 74 South. Rep. 479, "Where one of the assignments of error is based upon the overruling of the demurrer to the declaration, the better practice is for the plaintiff in error to discuss such as-

signment first in his brief for the reason that, where there is no sufficient declaration in a case, and a demurrer should have been sustained thereto, the other questions in the record are not open for the consideration of the appellate court." The demurrer was interposed to the entire declaration and was sustained as to the last three counts, but overruled as to the first two. As we also held in Atlantic Coast Line R. Co. v. Holliday, *supra,* "While an assignment of error based upon the overruling of the demurrer interposed to the declaration is not required to designate or specify the particular grounds of the demurrer relied on, the plaintiff in error will be confined to the grounds stated in the demurrer and argued in the appellate court, the grounds thereof not argued being treated as abandoned, the only exception thereto being where there is an omission in the declaration of allegations of substantive facts which are essential to a right of action, so that the declaration wholly fails to state a cause of action."

It is contended that these two counts are fatally defective for the reason that neither contains a claim for damages in any sum. In support of this contention, is cited Treusch v. Kamke, 63 Md. 274, wherein it was held: "In an action for a personal tort, the amount of the damages claimed must be laid in the declaration; and if no damages are laid the defect will be fatal on general demurrer." Bryant v. Southern Ry. Co., 137 Ala. 488, 34 South. Rep. 562, is also relied on, wherein it was held: "Each count of a declaration is distinct from the others, and must independently contain all averments necessary to the statement of a cause of action, except that later counts may incorporate the averments of former ones by expressly referring thereto." Fraternal Tribunes v. Hanes, 190 Ill. App. 1, is also cited to the effect that, "It

is proper to state what is really the same cause of action in different counts of the declaration. In such case each count is independent and the pleader may refer to prior counts for matters of inducement; but when one count has been held bad on demurrer it can not be resorted to for the purpose of aiding another count." Likewise the defendant cites the following holding in Gilmore v. Christ Hospital, 68 N. J. L. 47, 52 Atl. Rep. 241; "Each count of a declaration must contain a complete cause of action. Unless the second count expressly refers to the first, no defect therein will be aided by the preceding count; for, though both counts are in the same declaration, yet they are as distinct as if they were in separate declarations, and consequently they must contain all necessary allegations, or the latter count must expressly refer to the former." Simmons v. Fairchild, 42 Barb. (N. Y.) 404, and our own holding in Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 South. Rep. 933, are also cited by the defendant to support his contention. There is no occasion for any extended discussion or analysis of these authorities. We have no criticism to offer of the respective holdings in these cases and we fully approve of what we said in Jacksonville Electric Co. v. Batchis, *supra*, but we are of the opinion that they fail to support the contention which the defendant makes in the instant case. The declaration concludes as follows: "Plaintiffs say that their said automobile was an Interstate, forty horse-power automobile, of the value of Two Thousand Four Hundred Dollars ($2,400.00); that because of the damage aforesaid, occasioned as aforesaid, said automobile was wrecked, smashed, damaged and a total loss to them; and that they are damaged in the sum of Three Thousand Dollars ($3,000.00) and claim Three Thousand Dollars ($3,000.00) damages; wherefore they bring this suit."

The defendant reads this as a part of the fifth count which went out on demurrer, but we do not so understand it. We think that it is simply the conclusion of the entire declaration and is a substantial compliance with the provision of Section 1448 of the General Statutes of 1906 as to the conclusion of a declaration, which section we had occasion to copy and discuss in Caldwell v. Peoples Bank of Sanford, decided here at the present term, and shall not repeat what we have so recently said. In other words, each count of a declaration is not required to state the amount of damages claimed, though there is no objection to so doing; it is a sufficient compliance with the statute if the declaration concludes with a statement as to the amount of damages claimed by the plaintiff.

It is further contended that the first count is open to attack by demurrer for the reason that it fails to allege any injury caused the plaintiffs by the defendant's negligence, consequently such count has not stated a cause of action. It is argued that, properly construed, such count alleges that the automobile of the defendant was greatly damaged and totally wrecked by reason of the alleged negligence of the defendant in operating his automobile, or, at least, that such count is susceptible to this construction. Capital City Bank v. Hilson, 59 Fla. 215, 51 South. Rep. 853, and Bannett v. Herring, 1 Fla. 387, are cited to the effect that, in construing a declaration, if there are two intendments, it shall be taken most strongly against the plaintiff. We fully approve of the holding in these cases and have frequently announced and followed it, but the intendments must be reasonable, not strained or forced, such as, we think, is the construction placed by the defendant upon this count.

It is still further contended that the second count is demurrable for the reason that it shows upon its face that

H. L. Hammond, one of the plaintiffs, was guilty of contributory negligence. We have examined the authorities cited by the defendant upon this point, and, conceding that they support his contention that, "where the declaration itself shows that the plaintiff was guilty of contributory negligence, advantage may be taken thereof by 'demurrer,' (5 Ency. of Pl. & Pr. 10), we fail to see wherein the defendant is benefitted. As we held in Atlantic Coast Line R. Co. v. McCormick, 59 Fla. 121, 52 South. Rep. 712, "Where contributory negligence is a defense to an action in tort, it should be pleaded and proven by the defendant, unless it appears from the allegations or proofs of the plaintiff." We are of the opinion that the allegations in this count do not show that the plaintiff, H. L. Hammond, was guilty of contributory negligence. It necessarily follows from what we have said that, in our opinion, the first three assignments have not been sustained.

The fourth assignment, which is the first argued before us, is based upon the overruling of the motion for a new trial. The grounds of this motion which are insisted upon are that the verdict was contrary to law, to the evidence, to the weight of the evidence, and also that the verdict was excessive, all of which grounds are argued together, and we shall so treat them. We have carefully read the brief · of the defendant in connection with the transcript of the record. Undoubtedly sharp conflicts appear in the evidence upon material points, but, as we held in Atlantic Coast Line R. Co. v. Holiday, 73 Fla. 269, 74 South. Rep. 479, in which we followed numerous prior decisions of this court, "The credibility and probative force of conflicting testimony are for the determination of the jury." As we also held therein, "When there is substantial legal evidence to support the verdict,

and there is nothing to indicate that the jury misapplied the law, and it does not appear by an overwhelming preponderance of the weight of the evidence or otherwise that the jury were not governed by the evidence in making their finding, the appellate court will not reverse the judgment on the ground that the verdict is not supported by the evidence." Also see Florida East Coast Ry. Co. v. Pierce, 65 Fla. 131, text 136, 61 South. Rep. 237; Tampa & Jacksonville Ry. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437; Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367. We shall not undertake an analysis of the evidence. Suffice it to say that we are of the opinion that it is ample to establish the liability of the defendant to the plaintiffs for the damaging and wrecking of the automobile of the plaintiffs. We are not prepared to say that the amount of $800.00 awarded by the jury is so excessive as to shock our judicial conscience.

The fifth assignment is that "The Court erred in denying the defendant's motion that the verdict be set aside and the judgment be arrested." This assignment is but lightly urged before us, the defendant contenting himself with the following statement in his brief: "This motion that the verdict be set aside and the judgment be arrested (Page 209) was based on the various errors assigned in support of this writ of error. Some of these assignments have heretofore been argued and the remaining ones are argued infra. If any of the assignments be well taken, then the order of the court below in denying this motion was erroneous."

We had occasion in Caldwell v. Peoples Bank of Sanford, decided here at the present term, to consider the function performed by a motion in arrest of judgment and what was presented to an appellate court by an as-

signment based upon the overruling of such motion. As we held there, following prior decisions of this court, motions in arrest of judgment reach only such errors as are apparent on the record proper. Suffice it to say that this assignment has not been sustained.

The remaining assignments which are argued are the sixth to the ninth inclusive and the eleventh, all of which are based upon the admission or exclusion of certain specified evidence. We have given these assignments our careful consideration and are of the opinion that, even if error was committed in some of these rulings, the same was not harmful to the defendant, so as to work a reversal of the judgment. As we held in Tampa & Jacksonville Ry. Co. v. Crawford, 67 Fla. 77, 64 South. Rep 437, "A judgment will not be reversed for harmless errors in rulings on the admissibility of testimony."

No reversible error having been made to appear to us, the judgment is affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.