LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. JOHN P. ENGLISH, *Defendant in Error*.

Opinion Filed July 30, 1919.

1. When there is substantial evidence on which the jury might predicate a finding for the plaintiff, it is not error to refuse to direct a verdict for the defendant.

2. In operating trains over and across streets of cities and towns, a railroad company is bound to keep a lookout when switching cars by means known as the "kicking-bac" or "flying-switch" process, or methods equivalent thereto, and when it is apparent or when in the exercise of reasonable diligence commensurate with the surroundings, it should be apparent to the company, that the driver of a vehicle which is on defendant's track or about to be driven on its track, is unaware of his danger 'or canont get out of the way, it becomes the duty of the company to use such precautions by warnings, application of brakes, or other means as may be reasonably necessary to avoid injury to the person 'or property, and this requirement is not dispensed with merely by ringing the engine-bell.

3. The credibility of witnesses and the weight of evidence are to be determined by the jury.

4. Questions of negligence or failure to perform duty, are for the jury to determine when the facts are controverted.

5. Plaintiff's chauffeur was not guilty of contributory negligence as a matter of law, in approaching a railroad crossing at night at the intersection of two city streets, in plaintiff's automobile, which was a covered car with closed sides having glass panels, when it appeared that he was driving the automobile at a speed of seven or eight miles an hour and coould have stopped the same in a space of four or six feet; that the lights of the automobile were burning; that the street intersection was lighted by an electric light; that he could see through the glass panels of the car; that upon approaching the crossing he sounded the automobile horn; that it was his custom in approaching railroad crossings to look out for trains, and on the occasion on which plaintiff's automobile was injured, he did look and listen as soon as he reached the intersection of the streets, a view of the street on which defendant was switching its freight cars being prevented before he reached the intersection by buildings, but had no reason to believe a train was approaching; that the crossing appeared to be clear and he did not see a freight car of defendant which was moving of its own momentum across the street on which he was traveling and which struck plaintiff's automobile and damaged the same, and the question was properly submitted to the jury.

A Writ of Error to the Circuit Court for Escambia County; A. G. Campbell, Judge.

Judgment affirmed.

*Blount & Blount & Carter,* for Plaintiff in Error;

*John P. Stokes,* for Defendant in Error.

PERKINS, Circuit Judge.—John P. English sued the Louisville & Nashville Railroad Company, a corporation, in the Circuit Court of Escambia County, for injuries to a motor-vehicle which was being operated at the time

by an employe of the said English upon Gregory and Tarragona Streets in the City of Pensacola. The defendant pleaded the general issue and there was a trial by jury and a verdict for plaintiff for the sum of seven hundred, seventy-five dollars, "and old car," with interest from date of suit. A motion for a new trial was made and denied, and final judgment against plaintiff in error entered for the sum of seven hundred, seventy-five dollars, as principal, and for interest, and costs. The railroad company sued out writ of error and seeks relief in this court from said judgment. We will hereinafter refer to the parties as they were designated in the Circuit Court.

The court was requested to instruct the jury to find for the defendant, which request was denied. The defendant duly excepted, and this ruling constitutes the second assignment of error, but it will be disposed of first.

This court has repeatedly held that where there is substantial evidence upon which the jury might predicate a finding for the plaintiff, it is not error to refuse to direct a verdict for defendant. German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Bass v. Ramos, 58 Fla. 161, 50 South. Rep. 945, 138 Am. St. Rep. 105; Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 South. Rep. 364; Gunn v. City of Jacksonville, 67 Fla. 40, 64 South. Rep. 435; Cason v. Florida Power Co., 74 Fla. 1, 76 South. Rep. 535; Louisville & N. R. Co. v. Norton, 75 Fla. 597, 78 South. Rep. 928; Gravette v. Turner, 77 Fla. 311, 81 South. Rep. 476. We have carefully examined all of the testimony offered by both parties and the same will be discussed hereinafter. Suffice it to say here that there was ample evidence upon which a verdict for plaintiff could be founded. The second assignment of error has failed.

The first assignment of error is that the court erred in denying defendant's motion for a new trial. The first three grounds of the motion are that the verdict was contrary to the evidence, was not supported by the evidence, and was contrary to the law. The fourth ground of the motion is based on the refusal of the court to instruct the jury to find for the defendant. This ground has been disposed of by the conclusion reached as to the second assignment of error.

After alleging that the defendant was a corporation doing business in Escambia county and the owner and operator of a line of steam railway extending over and along Tarragona Street in the City of Pensacola, which was then and there a public street of said city, the declaration alleged that on the 8th day of December, 1917, "plaintiff's five-passenger Limousine Dodge Automobile, worth $1125, was being driven over and along Gregory Street in the City of Pensacola, Florida, a public street of said city, at the intersection of said Gregory and Tarragona Streets, when the defendant, through its agents and servants, carelessly and negligently propelled a certain car on defendant's said line of railway, at and against plaintiff's said automobile, striking it with great force and violence, and wholly destroying the same."

The defendant contends that the evidence showed that there was no negligence on the part of defendant's employees and that the injuries alleged were due solely to the want of care on the part of plaintiff's agent, who was driving the automobile, and that therefore plaintiff was not entitled to recover at all.

The undisputed facts in the case seem to be that the defendant, by its employees, was switching freight cars on the night of December 8th, 1917, upon its railroad

tracks running in a northerly and southerly direction on Tarragona Street in the City of Pensacola, for the purpose of making up a train to go out on what is referred to as the P. & A. Division of the railroad; that the freight cars were handled in this operation by being detached from the switch-engine north of Gregory Street and allowed to go down grade of their own momentum until they reached their proper places, which were determined by the operation of a switch some distance south of Gregory Street. That this was the customary manner of switching the cars.

That the motor-vehicle in question was of the Dodge manufacture, limousine type, costing eleven hundred, twenty-five dollars, and had been in plaintiff's possession about twenty-eight days; that at the time of the accident, the condition of the car was good and that it was practically new, and was equipped with an extra tire worth about twenty-five dollars. That plaintiff was engaged in the business of running automobiles for hire.

It further appears that on the night of December 8th, 1917, one Rufus Caldwell, a lad about eighteen years of age and an employee of the plaintiff, and who had been in the service of the plaintiff as a chauffeur for about eight months and had been driving motor-vehicles for a period of about a year and a half, was proceeding in the automobile in question, with two passsengers, in an easterly direction and along the south side of Gregory Street, to the Louisville & Nashville Railroad Station. That Gregory Street intersects Tarragona Street at the point where the injuries to plaintiff's automobile are alleged to have occurred. That the car in question was an enclosed one, with glass panels in the sides.

The injury to plaintiff's automobile was occasioned by a collision with one of the defendant's freight cars, which was being switched in the manner hereinbefore stated, on December 8th, 1917, on defendant's east railroad track at the intersection of Tarragona and Gregory Streets. Also, there seems to be no dispute as to the injuries to the automobile as testified to by plaintiff.

The controverted facts arise upon the question of whether the defendant performed its duty of giving warning to Caldwell, the driver of plaintiff's automobile, as he approached the railroad track, of the freight car moving across Gregory Street.

This court held in the case of Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338, that in operating its trains in the streets of towns and villages and in the immediate vicinity of public crossings, a railroad company is bound to keep a lookout when making flying switches or backing cars by the "kickink-back" process, and when it is apparent, or when in the exercise of reasonable diligence commensurate with the surroundings, it should be apparent to the company that a person on its track or about to get on its track under such circumstances, is unaware of his danger or cannot get out of the way, it becomes the duty of the company to use such precautions by warnings, application of brakes, or otherwise as may be reasonably necessary to avoid the injury, and that this requirement was not dispensed with by merely ringing the engine bell. We see little, if any, distinction between the method of "kicking-back" cars, as that term is generally used, and the method employed by the defendant in this case. The incline of the street, it seems, renders it unnecessary to "kick" them. It was established by defendant's witnesses that there was no

light on the freight car and that no person was on the same at the time of the accident. No effort was made to apply the brake until after the freight car had struck the automobile, when one of the switchmen climbed on the freight car, although it had practically stopped at that time. It also appeared by defendant's testimony that it was the duty of one of the switchmen to ride the car after it was detached from the remainder of the train, and that if someone had been on top of the car and properly applied the brake, it could have been stopped in from two to ten feet. When the freight car struck the automobile, it pushed it on down Tarragona Street, the distance testified to by several witnesses varying from about thirty to one hundred feet.

There is sharp conflict in the testimony as to whether the employees of defendant tried to warn the driver of the automobile of the approaching freight car. We do not deem it necessary to set forth the testimony in detail. Rufus Caldwell testified that on approaching the intersection of the streets mentioned, he sounded the horn of the automobile; that he could see through the glass panels of the car; that the lights of the car were burning; that it was his custom to look out for railroad trains on approaching a crossing and that he looked and listened on this occasion, and that he neither saw nor heard any of defendant's employees at the crossing warning him of the approaching freight car.

R. I. Hart testified that he was one of the passengers in plaintiff's automobile on the night of the accident and that there was nobody at the crossing to warn them of the approaching freight car and that he didn't see or hear the blowing of a whistle or any warning.

218    SUPREME COURT OF FLORIDA.

Harry Birch, a witness on behalf of defendant, testified that he didn't hear a bell ringing, or any signal.

Frank Mirabella, Ernest Rivers and Lum Davis testified on behalf of defendant that they each endeavored to warn Caldwell of his danger, the witness, Rivers, according to his testimony, appearing to have made frantic efforts to stop the automobile by shouting, whistling and waving. Each one was said to have had a larntern. In fact, Rivers testified that he was creating so much commotion that if the other witness, Lum Davis, had shouted a warning, he could not have heard him. The exact postions of the three witnesses above named are not clear. The record states that the witness, Rivers, marked his position when he first observed the automobile "XR" and the position of the automobile "E" on a diagram filed in evidence; but, turning to this diagram as it appears in the record, we do not find any points so marked.

Here was presented a question of credibility of the witnesses and weight of the evidence, which it was the province of the jury to determine. Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 South. Rep. 233; Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, 74 South. Rep. 479; Groover v. Hammond, 73 Fla. 1155, 75 South. Rep. 857.

Questions of negligence, or failure to perform duty, are for the jury to determine when the facts are controverted. German-American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; Farnsworth v. Tampa Electric Co., supra; Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 South. Rep. 364. The jury determined the issue as to the defendant's negligence against it, and the lower court sustained this finding.

The motion further sought a new trial, as shown by the fifth ground thereof, on the claim that the verdict was excessive. As hereinbefore stated, the jury awarded the plaintiff damages in the sum of seven hundred, seventy-five dollars, and purported to include in the verdict the "old car." We think the words "and old car" may be treated as surplusage. Plaintiff introduced evidence that the car was worth after the accident, about two hundred, fifty dollars. There was no evidence of its value before the accident, but the value is alleged in the declaration to have been eleven hundred, twenty-five dollars. There was no evidence as to how much the car may have depreciated in value since its purchase about twenty-eight days before the accident. The jury clearly determined the plaintiff had sustained damages in the sum of seven hundred, seventy-five dollars. Defendant did not file a plea of contributory negligence, but contends that plaintiff's evidence showed that his employee was guilty of negligence and that the jury did not diminish the damages in proportion to the fault attributable to the respective parties as required by Section 3149 of the General Statutes of 1906.

It therefore becomes material again to consider what the evidence showed as to the conduct of plaintiff's employee. Rufus Caldwell, who was driving plaintiff's automobile when it was injured, testified that the automobile was proceeding at the rate of seven or eight miles an hour; that he didn't see the box car going south of its own momentum on defendant's east track; that he was looking at the track, looking for a car, but didn't see it at all; that he wasn't expecting a train; that the automobile could have been stopped in a space of four or six feet. It also appears from this witness' testimony that there

was a brick building at the northwest corner of Gregory and Tarragona Streets which obstructed the view of Tarragona Street to the north and that he could not see up that street in a northerly direction until he reached it; that he neither saw nor heard the train approaching. He further testified that he did not remember seeing an electric light suspended over the center of Gregory and Tarragona Streets, but he knows that there is a light in the center of the street. He also testified that he had no reason to believe that a train was about to cross there; and also that he sounded his horn as he approached the crossing. That the lights of the car were burning, that it was his custom to look out for trains when approaching a crossing and that he looked and listened on this particular occasion, and that the crossing appeared to be absolutely clear, and that he did not know that the freight-car was on the track until it had struck the automobile.

Several witnesses on the part of the defendant were of the opinion that the automobile was traveling at the rate of ten or twelve miles an hour, and that the distance travelled by Caldwell before the collision and after reaching Tarragona Street was fixed by several witnesses at different figures, one of defendant's witnesses testifying that he measured the distance to the west rail of the west track and found it to be twenty-two feet.

We cannot say as a matter of law from the evidence adduced in this case that plaintiff's agent was guilty of negligence and think the question was properly submitted to the jury. The court instructed them as to the law of contributory negligence. The evidence in the case of Atlantic Coast Line R. Co. v. Weir, 63 Fla. 69, 58 South. Rep. 641, 41 L. R. A. (N. S.) 507, disclosed that plaintiff

did not have his automobile under control when he approached the railroad crossing and did not look to see if a train was approaching. The jury in this case reviewed the premises at the instance of the defendant. They were instructed at the request of the defendant that if they believed that from the evidence that there was an electric light so placed as to illuminate the box car so that the plaintiff's chauffeur could have seen it in time to have avoided the accident if he had been looking, then if he did not see it, he was negligent. They were also instruct-at the instance of the defendant, that it was the duty of the chauffeur to look when he approached the railroad crossing to see if it was clear, and that if he did not, he was negligent. The jury found these issues against the defendant.

We are of the opinion that the court did not err in denying defendant's motion for a new trial, and that the first assignment of error has not been sustained.

The judgment of the Circuit Court should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.