GEORGE B. ATKINSON v. GID POWLEDGE, Chief of Police of the City of Tallahassee.

167 So. 4.
Division B.
Opinion Filed March 12, 1936.
Rehearing Denied April 20, 1936.

*J. H. Harrell,* for Plaintiff in Error;

*Guyte P. McCord,* for Defendant in Error.

BUFORD, J.—The writ of error in this case brings for review a judgment in habeas corpus proceedings remanding plaintiff in error to the custody of the Chief of Police of the City of Tallahassee.

One question presented on the record is whether or not a certain ordinance known as Section 301 (260) of the ordinances of the City of Tallahassee is void because of being in conflict with the Constitution of the State of Florida. The ordinance is in the following language, to-wit:

; "Sec. 301 (260) Houses of Prostitution.—Every house of ill fame, and any house, dwelling room, premises or other place within the limits of the City of Tallahassee, used for the purpose of prostitution, or known or notoriously reputed to be the resort of prostitutes or persons of lewd character, is and the same is hereby declared to be a disorderly house, dangerous to the peace and morals of the city, and all persons keeping, residing in, frequenting or at any time found in the same, are hereby declared to be disorderly persons. Any person convicted of keeping such disorderly house, or of frequenting or being found in the same, shall be punished by a fine of not exceeding five hundred dollars, or by imprisonment for not longer than sixty days. The owner, agent, lessee or proprietor of any house of ill fame, or house, premises or places used as the resort of persons of lewd character as aforesaid, shall be considered as the keeper of a disorderly house, and liable to punishment by a fine of not exceeding five hundred dollars, or by imprisonment for not longer than sixty days."

The plaintiff in error has not pointed out the provision of the Constitution which he contends is violated by the

provisions of this ordinance. He contends that the ordinance is unconstitutional because it permits the prosecution and conviction of a person on a charge of keeping a disorderly house solely and exclusively on hearsay and reputation testimony. We find nothing in the ordinance controlling or limiting the quality of testimony which may be admissible to prove the offense of violating the ordinance.

That a conviction may be had for operating or conducting a house of ill fame or a house known, or notoriously reputed to be a resort of prostitutes or persons of lewd character is settled in this jurisdiction in the opinion and judgment in the case of King v. State, 17 Fla. 183. In that case, after setting forth some of the evidence that appeared in the record as to character and reputation of the house there under consideration, this Court said:

"Other evidence of the same character was given under like objections, rulings and exceptions. Not only the reputation of the house so informed against, but also the reputation of those who visit it, may be inquired into. It would be difficult to prove particular instances of the offense which gives character to such a house, in order to convict its keeper. It is this very character acquired by it as the resort of prostitutes and lewd persons that makes it criminal in the eye of the law. Having established a reputation among the citizens of the district, that reputation may be proved in the same way as may the general character of an individual witness. 2 Bishop C. P. No. 112, etc.; State v. McGraw, 41 N. H. 406; Commonwealth v. Gannett, 1 Allen 7; Ib. v. Kimball, 7 Gray 328; State v. McDowell, Dudley, S. C., 346; Cadwell v. State, 17 Conn. 467; State v. Hand, 7 Iowa, 411. We are aware that the courts of some of the states have held that evidence of reputation of the house as a house of ill fame is not ad-

missible, but believe the better rule to be that adopted in Connecticut. In that state the language of the statute is precisely similar to our own 'keeping a house of ill fame resorted to for the purpose of prostitution or lewdness,' and the courts of that state have held that by force of these particular words, it is both permissible and necessary to prove the reputation of the house."

It is not necessary to quote decisions from other jurisdictions which are in harmony with the holding of this Court in the King case.

Whether or not the evidence was sufficient to sustain the conviction is a matter to be determined on review by the appellate court on writ of error. Proceedings in habeas corpus may not be substituted for proceedings by writ of error. See Lehman, Sheriff, v. Sawyer, 106 Fla. 396, 143 Sou. 310; *In re.* Robinson, 73 Fla. 1068, 75 Sou. 604; Spooner v. Curtis, 85 Fla. 408, 96 Sou. 836; State v. Vasquez, 49 Fla. 126, 38 Sou. 830.

The judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.