67 So.2d 648 (1953)
LASHLEY
v.
STATE.
Supreme Court of Florida. Division A.
October 20, 1953.
*649 Cornett, Turner, Duncan & Leath, Panama City, for appellant.
Richard W. Ervin, Atty. Gen., and Mark R. Hawes, Asst. Atty. Gen., for appellee.
SEBRING, Justice.
This is an appeal from a judgment of conviction rendered by the Circuit Court of Bay County, Florida, upon a verdict of the jury finding the appellant guilty of operating a house of ill fame resorted to for the purpose of prostitution or lewdness.
According to the evidence upon which the conviction rested two air force police investigators, Morrison and Evans, both incognito, in company with two deputy sheriffs of the county, drove one evening to a jook joint know as Lashley's Place, that was operated by the defendant and that had been placed "off limits" for soldiers stationed at a nearby army airfield. When they reached their destination, Morrison and Evans, who were then dressed in civilian clothes, entered the place and ordered liquid refreshments. While waiting to be served Morrison had a conversation with the defendant about "where were all the women" and "what was the price," to which Lashley replied that "we don't have all there"; that a certain woman employee in the place "could be had" but that the price would have to be "figured out among yourselves." Morrison and Evans then conversed with the woman who had been pointed out by Lashley and "asked her what the price was and she said $7.00." After further conversation between Morrison and the woman involving more intimate details of the transaction the woman asked the defendant if it would "be all right for her to take $10.00 and stay 45 minutes down the road" to which Lashley gave an affirmative answer. Evans then asked Lashley if he could accompany Morrison and the woman on the expedition, to which Lashley replied, "No, one can; both of you can't go with her."
After this conversation Morrison gave the woman employee a "marked" ten-dollar bill which she took to a back room in the place that was occupied by her as a bedroom. Then she and Morrison drove away in the car to a location that had been previously agreed upon by Morrison and members of the sheriff's office. When they reached the spot Morrison turned the woman over to two deputy sheriffs of the county who took her into custody.
Upon this and other evidence, including evidence that the general reputation of "Lashley's Place" for lewdness and immorality was bad, the jury returned a verdict of guilty against the defendant.
The first question presented on this appeal by the defendant goes to the court's denial of defendant's motion to suppress the testimony of the prosecuting witness, Morrison, on the ground of entrapment. We find no reversible error in the court's ruling. It is generally held that "this manner of obtaining such evidence bears merely upon its credibility, not its admissibility." 20 Am.Jur., Evidence, sec. 400. "Where the evidence shows an intention on the part of the accused to commit the crime charged, evidence obtained by entrapment is admissible, and this is true even though the witnesses acted as decoys." Wharton's Criminal Evidence, Vol. I, 11th Ed., sec. 378. As the general rule is stated in 22 C.J.S., Criminal Law, § 45: "One who is instigated, induced, or lured by an officer of the law or other person, for the purpose of prosecution, into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of `entrapment.' Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent." (Emphasis supplied.)
*650 Even if a motion to suppress evidence on the ground of entrapment would have been proper it is plain that the circumstances of the present case would not have been sufficient to bring it within the rule as to what constitutes entrapment. For as is apparent from what has been stated above, "it is no defense to the perpetrator of a crime that facilities for its commission were purposely placed in his way, or that the criminal act was done at the `decoy solicitation' of persons seeking to expose the criminal, or that detectives feigning complicity in the act were present and apparently assisting in its commission." Hall v. State, 144 Fla. 333, 198 So. 60, 62. See also 15 Am.Jur., Criminal Law, sec. 336, p. 25.
Concluding as we must that the testimony given by Morrison and Evans as to the conversation with Lashley and the woman was properly permitted to stand, there is presented a direct conflict of evidence upon a material point: the purpose for which the woman was present in the "jook joint" and the purpose for which she left the jook joint with Lashley's sanction, knowledge and consent.
Upon the matter of credibility as between the testimony of the conflicting witnesses, the jury should in these circumstances be the final arbiter. Juhasz v. Barton, 146 Fla. 484, 1 So.2d 476; Louisville & N.R. Co. v. English, 78 Fla. 211, 82 So. 819.
Assuming, therefore, as the jury had the right to and evidently did believe, that Morrison's testimony concerning this transaction with Lashley and the woman showed that the establishment, admittedly maintained by defendant, was used for purposes of prostitution or lewdness, the record contains ample additional evidence relating to the ill fame of the place in question, and is sufficient to sustain a conviction under section 796.01, Florida Statutes 1951, F.S.A. which provides: "Whoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, shall be punished by imprisonment not exceeding one year." See Powell v. State, 156 Fla. 563, 23 So.2d 727; Atkinson v. Powledge, 123 Fla. 389, 167 So. 4; King v. State, 17 Fla. 183.
Since the offense charged was obviously committed, if at all, in the presence of an officer who participated in the arrest, no warrant was necessary under section 901.15, Florida Statutes 1951, F.S.A., and the contention that the trial court erred in failing to suppress evidence upon a motion based upon the ground of illegal arrest is accordingly without merit.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.