TERRELL, Justice.
On his petition William S. Warner was granted writ of habeas corpus and a return was required. The petition in substance alleges (1) that petitioner is innocent of the charge of armed robbery for which he was convicted and sentenced to a term of thirty years in the state penitentiary; (2) counsel for petitioner failed to file notice of and prosecute an appeal within the time required by law, the reason for such failure being unknown to petitioner; (3) petitioner paid $200 in advance for transcript of the testimony prepared by the court reporter when he was tried but he has never received such a copy; (4) Harry S. Morris, chief witness for the state against petitioner, gave false testimony at the trial of petitioner, the same being the result of a collusion between Morris and the prosecuting attorney.
Respondent denies each and every material allegation of petitioner. He alleges and shows that petitioner was regularly informed against in the Criminal Court of Record of Orange County for the offense of robbery committed November 12, 1958; thereafter a trial resulted in a verdict of guilty on March 31, 1959, whereupon petitioner was sentenced to a term of thirty years in the state penitentiary, all of which is shown by copies of the information, judgment and sentence attached to and made a part of the return herein.
' The return further shows that on or about November 22, 1958, one Harry S. Morris was arrested and charged, by information, with the same offense as that charged against petitioner. Thereafter said Morris in a signed statement made before police officers implicated petitioner by stating that petitioner accompanied him and participated in the robbery for which petitioner was convicted, all of which is *422 shown by copy.of said statement attached to the return and made a part of the record.
That said Harry S. Morris was positively identified by James H. Rogers, night clerk and auditor of the Holiday Inn, as being one of those persons participating in the robbery which occurred at the said Holiday Inn on November 12, 1958, in Orlando, Florida, all of which is shown by copy of the transcript of the testimony taken at the trial of said Morris on December 3, 1958, attached to the return and made a part thereof.
That after pleading guilty to the robbery herein, Morris was sentenced on December 3, 1958, to a term of six months to life imprisonment in the state penitentiary and, upon being transported to Raiford, he related to the prison classification officer on December 17,1958, his version of his offense and stated that petitioner was his accomplice in the robbery, all of which is reflected by a true copy of said judgment, sentence and summary of prison classification officer, same being attached to the return and made a part hereof by reference.
That said Morris, prior to the trial of petitioner (at which time he testified as to petitioner’s participation in the robbery), made another statement on March 27, 1959, under oath, wherein he positively stated that petitioner accompanied him and participated in the robbery for which petitioner was convicted, all of which is shown by copy of said statement made a part hereof bv reference.
The respondent alleges that petitioner was proven to be at the scene of the robbery by an eyewitness, one Leslie Williams, night bell-man employed by the building robbed, and further alleges that other eyewitnesses who were three waitresses employed by the Gary’s Duck-In Restaurant, Orlando, Florida, identified Harry Morris and petitioner as being in said restaurant together on the night of November 12, 1958, the night they committed the robbery.
In response to the charge that petitioner failed to receive a transcript of the proceedings at his trial and that his attorney failed to appeal the cause, Honorable James M. Russ, petitioner’s attorney in the cause, states and the respondent alleges that Mr. Russ’s agreement to defend petitioner at the trial did not extend to taking an appeal in the event of conviction. Further, the $200 check mentioned by petitioner was given to Mr. Russ to be applied to a portion of his fee and to certain expenses incurred by Mr. Russ in connection with his defense of said cause and no portion of said $200 was to be applied toward the costs of a transcript of the proceedings.
 It is elementary under the law of this state that the guilt or innocence of one charged with crime is a question of fact that must be determined at the trial by the evidence and will not be determined by this court on habeas corpus. Sufficiency of the evidence must be determined on appeal and not by habeas corpus and that habeas corpus cannot be substituted for appeal. Collingsworth v. Mayo, Fla.1948, 37 So.2d 696; Atkinson v. Powledge, 123 Fla. 389, 167 So. 4.
It, therefore, appears that petitioner is held by respondent by virtue of a lawful commitment issued by the Criminal Court of Record of Orange County, Florida, dated April 1, 1959, copy of which is attached to the return and made a part thereof by reference, in the light of which and the showing made by the return the petitioner has failed to show any question for this court to determine in habeas corpus proceeding.
The writ of habeas corpus heretofore issued is discharged and petitioner is remanded to the custody of the respondent.
It is so ordered.
THOMAS, Acting Chief Justice, and HOBSON, THORNAL and O’CONNELL, JJ., concur.