PER CURIAM.
These combined appeals were by the defendants below whose convictions stemmed from the same transaction.
The appellants were found guilty of conspiring to commit abortion (Count I) and of an attempt to commit abortion (Count II). Appellants Maria Luisa Moreno and Israel Alfonso were convicted also of aggravated assault (Count III). A not guilty verdict was directed against all defendants on a charge of resisting arrest with violence, and in favor of the defendant Alieda Jimenez on the charge of aggravated assault.
The record discloses that Virginia Jimenez, hereinafter referred to as Virginia,, an employee of the state’s attorney’s office who had been deputized by the sheriff of Dade County, made arrangements by telephone for an abortion. By prearrangement she was picked up by the appellant Maria Luisa Moreno and transported by automobile to a designated residence at 13201 Southwest 62nd Avenue. There Virginia undressed as directed and was examined by appellants Maria Luisa Moreno and Alieda. Jimenez. The latter then requested $500 which Virginia paid. Thereupon Virginia identified herself as a police officer and announced to the persons present that they were under arrest. Appellants Maria Luisa Moreno, and Israel Alfonso and a man referred to as “doctor” who also were present, knocked Virginia down and held her on the floor, at which point she fainted.. When Virginia regained consciousness. Alieda Jimenez and the “doctor” had departed, and Maria Luisa Moreno was holding her down. They stood her up and' dressed her and then bound her. ■ Maria Luisa Moreno produced a gun with which she threatened Virginia. Thereupon they placed Virginia in an automobile where she again was threatened with the gun. Virginia was transported some distance and was put out and left in a vacant lot.
Later, on the same day, the police observed appellant Rolando Moreno leave-his residence, cross the street carrying a brown bag and return without it. Later that day, as Moreno was leaving his residence he was stopped by the police. Without first being warned of his constitutional rights, Moreno answered questions-put to him by the police, and they entered his residence on his presumed invitation. Moreno then took the police across the street and led them to the bag he had deposited there. The bag contained medical instruments, which the police seized.
The police had Virginia come to the Moreno residence. There, when asked to show a picture of his wife, Moreno pro *126 duced one of the appellant Maria Luisa Moreno. He was then placed under arrest.
Subsequently two police officers, without having procured a warrant, went to the residence of the appellant Blanca Yanes. There is a conflict in the evidence as to whether the officer who entered her residence from the front did so by her invitation. A second officer entered the house from the rear at about the same time. Their search of the premises revealed an address book, which Yanes said they seized, but which the officers denied taking. That item was not produced in evidence at the trial. The officers took Yanes to police headquarters and questioned her there, following which, accompanied by Virginia, they returned Yanes to her home, which Virginia and the officers entered, by invitation according to the testimony of Virginia. While in the house Virginia recognized Yanes’ voice as that of the person with whom she had made the telephone arrangements for an abortion. Upon being questioned by the police Yanes admitted that fact, and thereupon was placed under arrest.
In a single brief presented on behalf of all appellants, the first point presented a contention that it was error to deny the motion of the defendant Yanes to suppress statements made by her in answer to questions by the police who entered her home without a warrant. The evidence against Yanes was obtained on an incustodial interrogation without adequate warning of her constitutional rights as prescribed in Miranda. Accordingly, the judgment against the appellant Blanca Yanes (Appeal No. 66-1092) is reversed.
The second point presented is a contention that the court erred in failing to suppress the evidence against the defendant Rolando Moreno. Although he was disclosed to be the husband of Maria Luisa Moreno, there was no sufficient evidence that he was present and participated in the transaction. Therefore, the judgment against Rolando Moreno (Appeal No. 66-1094) is reversed.
The remaining contentions of appellants are as to the sufficiency of the evidence to support the convictions and a claim of entrapment. An examination of the record leads us to the conclusion that the evidence amply supports the convictions of the appellants Alieda Jimenez, Maria Luisa Moreno and Israel Alfonso, and we hold that the facts of the case did not disclose entrapment. See Lashley v. State, Fla. 1953, 67 So.2d 648; Thomas v. State, Fla.App.1966, 185 So.2d 745, 747.
Accordingly, the judgments against Blanca Yanes (Appeal No. ^66-1092) and against Rolando Moreno (Appeal No. 66-1094) are reversed, and the judgments against Alieda Jimenez (Appeal No. 66-1086), Maria Luisa Moreno (Appeal No. 66-1093) and Israel Alfonso (Appeal No. 66-1095) are affirmed.