PER CURIAM.
We are called upon to decide whether appellant, Muflih M. Raid’s, fourth amended complaint, which was dismissed below with prejudice, states a cause of action for premises liability. Because we find that it does, we reverse.
“[A] plaintiff in a premises liability action must allege the defendant’s duty to the plaintiff and the defendant’s breach of that duty by alleging ultimate facts that show a relationship from which a duty is implied by law, and the acts and omissions that caused the injury, together with the allegation that they were negligently done or omitted. The plaintiff must also plead that the [defendant’s negligence] was a proximate cause of the [plaintiff’s injury].” 41 Fla. Jur.2d, Premises Liability § 96 (1994) (footnotes omitted).
Specifically, in these types of cases we have held:
A property owner or occupier has two duties toward invitees: (1) to keep his property in reasonably safe condition and to protect the invitee from dangers of which he is or should be aware; and (2) to warn the invitee of concealed dangers which are or should be known to the owner or occupier and which are unknown to the invitee and cannot be discovered by him through the exercise of due care.
Levy v. Home Depot, Inc., 518 So.2d 941, 942 (Fla. 3d DCA 1987).
In the instant case, Raid alleges that he was visiting family members in the aftermath of Hurricane Andrew at the store they owned and operated called Store Central Food Market, Inc. An individual named Moses, retained by Store Central, was attempting to repair an air conditioner. Raid’s family members asked him to assist Moses in his repairs. While doing so, an improperly secured portion of the air conditioner fell on Raid, along with a ladder that was being used by Moses.
Raid’s complaint alleges his status as an invitee. It alleges that Store Central breached both of the previously mentioned duties that it owed to Raid. While the complaint does not specifically allege that Store Central’s negligence was the proximate cause of Raid’s injuries, it is sufficient if such causation may be reasonably inferred from the complaint’s allegations. Tampa & Jacksonville Ry. Co. v. Crawford, 67 Fla. 77, 64 So. 437 (Fla.1914).
For the foregoing reasons, we reverse the order dismissing Raid’s fourth amended complaint with prejudice.
Reversed and remanded.