## AGUE, et ux v. AMERICAN AGRICULTURAL CHEMICAL CO.

Circuit Court, Hillsborough County.

March 17, 1953.

Cutler & Mittle and Branch & Goff, all of Tampa, for plaintiffs.

Holland, Bevis & McRae, Bartow, for defendant.

HARRY N. SANDLER, Circuit Judge.

Plaintiffs have brought this action against defendant for damages claimed to have been suffered by them to their property by reason of the escape of phosphate washings, dirt, slush and the like from a reservoir constructed and maintained by defendant on ad-

joining property in connection with a phosphate mining plant. To the complaint defendant has filed its motion to dismiss and motion to strike paragraph 3 which is as follows—"It was defendant's duty to operate and carry on its mining operation so as not to permit or allow its waste, wash, or debris to escape into the stream above the property of the plaintiffs," and the following, to-wit: "in violation of such duty" from paragraph 4.

Defendant concedes that with the elimination of the portions sought to be stricken the complaint would state a cause of action in negligence, but that with such portions included therein the complaint places an absolute duty on defendant, which defendant contends is not the rule in this state.

This brings up for determination whether or not the rule, commonly referred to as Rylands v. Fletcher, is in force in this state. Am. Jur., vol. 56, page 634, states the rule as follows—"One who brings water upon land and there stores it in reservoirs, tanks, or other receptacles does so at his own peril, and, subject to certain exceptions hereinafter noted, is liable for any injury caused by the escape of such water, even without fault on his part,"—exceptions being acts of God and the public enemy without fault on his part.

The Florida Supreme Court does not appear to have passed on this question and so we must look to the decisions of other states for a determination whether or not the rule is to be enforced in this state. While the authorities are not unanimous the decisive weight of authority of the courts of the several states is against the enforcement of the rule. What is known as the American rule requires the showing of some fault or negligence on the part of the defendant. The rule is discussed authoritatively in a note on page 523 of 169 A.L.R. 502 to Jacoby v. Gillette (Wyo.), 174 P. 2d 505, 177 P. 2d 204—

> According to the overwhelming weight of authority, liability for damages caused by escape of waters impounded in reservoirs or ponds, or confined in their flow to artificial ditches, depends upon some proof of negligence.

Likewise, it is stated in Am. Jur., vol. 38, page 800—

> While some American authorities hold that an owner or occupant who stores upon his premises a substance in such quantity and of such a dangerous character that its escape from the premises will result in injury to others can be held liable for damages so occurring, although the escape occurs without negligence on his part, the weight of authority in American jurisdictions stands for the proposition that an

owner or occupant is liable for damage caused by the escape of substances from his premises only where some fault can be attributed to him. It is an unusual case, if there be any case, in which a deserving plaintiff will not be able to establish fault on the part of the occupant or owner.

Likewise, it is stated in the note to Jacoby v. Gillette, supra, that the rule of res ipsa loquitur is applicable in cases of this kind. To the same effect is 67 C. J., page 915, where it is stated—

> The English rule [Rylands v. Fletcher] has been followed to some extent in this country; but in general the American courts base the liability on negligence either in the original construction of the reservoir or other receptacle, in subsequently allowing it to become ·defective, or in failing to provide against all contingent damages as might reasonably be anticipated.

To the same effect is 15 L.R.A. (N.S.) 535, Brennan Construction Co. v. Cumberland on page 541.

Plaintiffs rely in part on the declaration in Standard Phosphate Co. v. Lunn (Fla.), 63 So. 429, in which the declaration appears in the opinion of the Court, in which is the following—

> That it then became and was the duty of each of the defendants aforesaid to so operate and carry on its mining operations upon its said lands as to prevent and not allow the waste from said mining plants to escape from its mining plant, and into the stream aforesaid above the property of the plaintiff, and to prevent the same from being carried down by the said stream to the lands of plaintiff above described, to the injury of the plaintiff and his said lands;

While it is true that this declaration charges that it was the duty of each of the defendants to carry on their mining operation so as to prevent the escape of waste, this contention was not passed upon by either the lower court or the Supreme Court. The demurrer to the declaration (which appears in the opinion) raises only the question of whether or not the two defendants were guilty of a *joint* tort, and the judgment was reversed by the Supreme Court because the evidence failed to show a joint tort—so that this case, in my opinion, is not decisive of the question, nor does it throw any light thereon.

Chapter 533, Florida Statutes 1951, which deals with waste from mines, makes it unlawful for any person to permit or allow the escape of waste from any mine or mines operated by such person into the streams or rivers of this state. It is to be noted that section 533.03, which provides for injunctive process, requires that the affidavit which shall be presented to the board of county com-

missioners shall allege that "some person conducting mining operations in this state, giving the name thereof, is not using due diligence to prevent the escape of waste or debris from any mine or mines." This statute does not place an *absolute duty* on the person conducting mining operations, but requires a showing that due diligence is not being used. In view of the foregoing I am constrained to follow the American rule, and it follows that the motion to strike is well founded.

It is ordered that the motion to strike paragraph 3 and the following language, to-wit: "in violation of such duty" in paragraph 4 is hereby granted. The complaint now stating a cause of action on the ground of negligence as more particularly set out in the several paragraphs thereof, the motion to dismiss is denied, the defendant to plead to the complaint as it now stands within 30 days from the date hereof.