## CALDWELL, et al v. AMERICAN CYANAMID CO.
Nos. 166419, 166428, 166429, 166431, 16660.

Circuit Court, Hillsborough County.

January 2, 1969.

William Wagner, Tampa, for plaintiffs.

T. Paine Kelly, Tampa, for defendant.

OLIVER MAXWELL, Circuit Judge.

*Order on motions to dismiss, to strike and for more definite statement:* This cause came on to be heard on motions to dismiss the complaints in the above five consolidated cases and also motions to strike and for more definite statement. The complaints are in three counts and are predicated on allegations of damages to plaintiffs' property when slimes, waters and mud refuse collected and maintained on defendant's lands behind dikes and other man-made works escaped and flowed onto the property of the plaintiffs and into the Alafia River adjoining the property damaging plaintiffs' property and their riparian rights therein.

The first count is based on strict liability, the second count on negligence, and the third count on nuisance. The arguments have been directed to the first counts.

The defendants contend that the doctrine of strict liability has been rejected in Florida in cases of this nature in the case of Ague v. American Agricultural Chemical Co. (Circuit Court, Hillsborough County, March 17, 1953), 5 Fla. Supp. 133. In an opinion by Harry N. Sandler, Circuit Judge, under facts essentially the same as those alleged in these cases the court said —

> Defendant concedes that with the elimination of the portions sought to be stricken the complaint would state a cause of action in negligence, but that with such portions included therein the complaint places an absolute duty on defendant, which defendant contends is not the rule in this state.
>
> This brings up for determination whether or not the rule, commonly referred to as Rylands v. Fletcher, is in force in this state. Am. Jur., vol. 56, page 634, states the rule as follows — "One who brings water upon land and there stores it in reservoirs, tanks, or other receptacles does so at his own peril, and, subject to certain exceptions hereinafter noted, is liable for any injury caused by the escape of such water, even without fault on his part," — exceptions being acts of God and the public enemy without fault on his part.
>
> The Florida Supreme Court does not appear to have passed on this question and so we must look to the decisions of other states for a determination whether or not the rule is to be enforced in this state. While the authorities are not unanimous the decisive weight of authority of the courts of the several states is against the enforcement of the rule. What is known as the American rule requires the showing of some fault or negligence on the part of the defendant. The rule is discussed authoritatively in a note on page 523 of 169 A.L.R. 502 to Jacoby v. Gillette (Wyo.), 174 P. 2d 505, 177 P. 2d 204 —
>
> > "According to the overwhelming weight of authority, liability for damages caused by escape of waters impounded in reservoirs or ponds, or confined in their flow to artificial ditches, depends upon some proof of negligence."
>
> * * *
>
> Likewise, it is stated in the note to Jacoby v. Gillette, supra, that the rule of res ipsa loquitur is applicable in cases of this kind. To the same effect is 67 C. J., page 915, where it is stated —
>
> > "The English rule [Rylands v. Fletcher] has been followed to some extent in this country; but in general the American courts base the liability on negligence either in the original construction of the reservoir or other receptacle, in subsequently allowing it to become defective, or in failing to provide against all contingent damages as might reasonably be anticipated."

Defendant has also cited La Bruzzo v. Atlantic Dredging & Construction Co. (Supreme Court, Fla. 1951), 54 So.2d 673, but the precise question here involved was not involved or answered

in the cited case. Restatement of Torts #520 and note 169 A.L.R. 302 were also cited.

There is confusion among the authorities on the exact doctrine of Rylands v. Fletcher (1866), LR 1E Ch. 265, 1 Eng. Reel Cas. 236-Ex Ch., (affirmed in 1869), L.R. 3 H.L. 330, 1 Eng. Reel Cas. 256, but it seems clear that the House of Lords opinion stressed the "non natural" use of the land in question.

Prosser, 3rd Edition, p.p. 522, 523, 524, 525 points out the division of American authority with respect to Rylands v. Fletcher and states in a footnote (p. 523) —

"It is still commonly, and erroneously said that Rylands v. Fletcher is rejected by the great majority of American courts. The writer pleads guilty. Prosser, *Torts 1,* Sp. E., 1941, 452."

On pages 524 and 525 he lists the cases which have rejected and which have approved the doctrine of Rylands v. Fletcher.

This court has studied these many cited cases. They cover a multitude of factual situations and legal reasoning. Prosser lists 11 American jurisdictions rejecting Rylands v. Fletcher and 20 jurisdictions accepting it (pp. 525, 525). Some of the jurisdictions which reject the doctrine by name arrive at the same rule under different guises, notably nuisance.

The cases clearly support the statement by Prosser (p. 526) —

"On the other hand the conditions and activities to which the American courts have refused to apply Rylands v. Fletcher, whether they purport to accept or to reject the case in principle, have been with few exceptions what the English courts would regard as a 'natural' use of land and not within the rule at all."

The cases before this court do not fall in that category. There being no appellate authority to the contrary in Florida, this court is of the opinion that the doctrine of Rylands v. Fletcher, as limited to the "non-natural" use of land, is supported by the weight of authority in this country; is a logical doctrine, consistent with established principles of law; and that the motions to dismiss the first counts should be denied. No serious arguments were made to the sufficiency of counts II and III.

It is therefore ordered and adjudged that defendants' motions to dismiss, motions to strike and for more definite statement, be, and the same are hereby denied and defendant is allowed twenty days from the date of this order within which to answer.