## STATE DEPARTMENT OF POLLUTION CONTROL, et al v. CITIES SERVICE CO.

No. 71-4273.

Circuit Court, Polk County.

May 5, 1972.

Robert L. Shevin, Attorney General, and James R. Brindell and Kenneth F. Hoffman, Assistant Attorneys General, for the plaintiffs.

T. Paine Kelly and W. S. Rodgers of MacFarlane, Ferguson, Allison & Kelly, Tampa, for the defendant.

GUNTER STEPHENSON, Circuit Judge.

This cause came on to be heard before the court on defendant's motions to dismiss, to strike, and for a more definite statement.

The complaint is in five counts, or as designated by plaintiffs as five causes of action. Each cause of action alleges damages to plaintiffs' property when a retention dam on one of defendant's ponds broke, or erupted on December 3, 1971, and the slimes, waters and mud maintained on defendant's lands behind said retention dam flowed on to the property of plaintiffs and into the Whidden Creek and Peace River in Polk County.

The "first cause of action" is based on negligence. The second and third causes allege that the defendant has been negligent per se in failing to comply with certain rules of the department of pollution control. The fourth cause of action is based on the doctrine of strict liability. The second, third and fifth causes of action each contain a prayer for punitive and exemplary damages.

The defendant seeks to strike from the second and third causes of action the words, "per se," and they further seek to strike the words, "strictly liable," from the fourth cause of action and also seek to strike plaintiffs' demand for punitive damages.

The court is of the opinion that one who brings water on land and there stores it in reservoirs, tanks, or other receptacles does so at his own peril, and subject to certain exceptions such as acts of God or the public enemy, is liable for any damages caused by the escape of such water even without fault on his part. Caldwell v. American Cyanamid, 32 Fla. Supp. 163.

Further, the court is of the opinion that the complaint fails to allege ultimate facts sufficient to charge the defendant with "willful and wanton disregard" of the rights of plaintiffs, nor does it allege any statutory authority or a compliance with §403.121, Florida Statutes, sufficient to invoke civil or criminal penalties. St. Regis Paper Company v. State of Florida, 237 So.2d 797.

It is therefore ordered and adjudged that the defendant's motions to dismiss and for a more definite statement are denied.

The defendant's motions to strike plaintiffs' allegations of strict liability and negligence per se are denied.

The defendant's motion to strike plaintiffs' prayer for exemplary and punitive damages is granted.

It is further ordered that the defendant is allowed twenty days from the date of this order in which to answer.